68634. WHISENHUNT et al. v. THE STATE.
(324 SE2d 570)

Pope, Judge.

Appellant Whisenhunt appeals his conviction of five counts of distributing obscene material. Whisenhunt's employers, appellants 134 Baker Street, Inc., 75 Walton Street, Inc., and 555 Lindbergh, Inc., appeal their respective convictions of two counts, one count and two counts of distributing obscene material.

1. Issues raised in appellants' enumeration of error number four have been decided adversely to them in this court's opinion in *134 Baker Street, Inc. v. State*, 172 Ga. App. 738 (1) (324 SE2d 575) (1984). Additionally, the facts in this case comport with those in *Whisenhunt v. State*, 156 Ga. App. 583 (8) (275 SE2d 82) (1980), and our decision there controls the issue raised by appellants' enumeration of error number five. See also *Showcase Cinemas, Inc. v. State*, 156 Ga. App. 225 (3) (274 SE2d 578) (1980). We find no merit in either of these enumerations.

2. Appellants enumerate as error the trial court's denial of their motion for directed verdict of acquittal and subsequent motion for new trial. At trial the State adduced the following evidence: On May 2, 1983 Officer Hughie of the Metro Drug and Vice Squad purchased a magazine entitled *Smooth,* Vol. 5, No. 1 from appellant Whisenhunt at "Books 'n' Gifts" located at 75 Walton Street. On June 7, 1983 Officers Ferris and Smith of the Metro Drug and Vice Squad bought respectively from Whisenhunt at "Books 'n' Gifts" at 134 Baker Street two magazines entitled *Teen Tits & Twats*, No. 1 and *Five Moms*, No. 1. On June 21, 1983 Officer Smith purchased from Whisenhunt at "Books 'n' Gifts" at 555 Lindbergh Drive two magazines, *Sheer Torture* and *Mother Lode*, No. 1. On June 28, 1983 Officer Smith returned to the same bookstore and bought from Whisenhunt a

magazine called *Twosomes*, No. 7. All of the magazines were admitted into evidence.

The State presented certified copies of City of Atlanta business licenses issued to three establishments called "Books 'n' Gifts" — one located at 75 Walton Street, one at 134 Baker Street and one at 555 Lindbergh Drive, N.E. Each listed the type of business as "Adult Newstand" (sic) and each listed Donald L. Kervin as president and Ronald L. Kervin as secretary. Articles of Incorporation for each of the corporate appellants were admitted and each listed Donald Kervin as the sole director and registered agent. Each of these documents was executed by Donald Kervin. A certified copy of a complaint brought by the three corporate appellants and others in a civil action in federal court was admitted. The suit sought declaratory and injunctive relief and damages against various state and local law enforcement officers and organizations. Within this pleading, each corporate appellant stated it was doing business as "Books 'n' Gifts" and was licensed to "make available to the adult public material which is 'presumptively protected' by the First Amendment of the United States Constitution."

The trial court committed no error in denying appellants' motion for directed verdict of acquittal and motion for new trial. Having reviewed the evidence in the light most favorable to the trial court's determination, we conclude that it was sufficient to enable a rational trier of fact to find each appellant guilty of the offenses charged beyond a reasonable doubt. See *Whisenhunt v. State*, supra at (3); *Bohin v. State*, 156 Ga. App. 206 (1) (274 SE2d 592) (1980). See also *Flynt v. State*, 153 Ga. App. 232 (4) (264 SE2d 669) (1980).

3. Appellants assert that the trial court erred in denying their motion for severance of the offenses. Applying this court's explanation and analysis of the question of severance in *Whisenhunt v. State*, supra at (10), to the facts of this case we reach the same result. "We find these continuing sales — on an intermittent basis, to constitute a single scheme or plan for the purpose of a single prosecution. This enumeration is not meritorious. [Cits.]" Id. at 587.

4. The trial court properly admitted the three City of Atlanta business licenses for the "Books 'n' Gifts" stores at 75 Walton Street, 134 Baker Street, and 555 Lindbergh Drive. Each document was properly certified and, contrary to appellants' arguments, each was relevant to showing identity of ownership of each "Books 'n' Gifts" to the corporation bearing the street address name of its location. Appellants also contend that the certified copy of the complaint in a civil action in federal court should not have been admitted because a proper foundation was not laid. The grounds for this objection were raised for the first time on appeal and, thus, will not be reviewed. See *134 Baker Street, Inc. v. State*, supra at (5). The objection raised at

trial and also asserted here is based upon appellants' claim of prejudice due to the admission of the document. Specifically, appellants contend that the jury was allowed to read the pleading which alleged "a pattern of multiple arrests of appellants." We find no merit in this argument since the State offered at trial to delete those portions complained of on appeal, instead presenting the jury with only those portions wherein each corporate appellant set forth that it was doing business as "Books 'n' Gifts" at each pertinent location. Appellants refused to allow such excision. We find the document relevant and admissible. See *Classic Art Corp. v. State*, 245 Ga. 448 (265 SE2d 577) (1980); *Bohin v. State*, supra at (1).

5. In a single enumeration of error, appellants next contend that the trial court erred in refusing to give their requests to charge numbers 1-17 and 20-35. Our Code requires appellants to file an enumeration of errors *"which shall set out separately each error relied upon."* (Emphasis supplied.) OCGA § 5-6-40. By simple addition, this enumeration contains thirty-two assignments of error. " '[W]here the error enumerated is not intelligible in itself the brief must make it so, or this court has nothing before it for decision.' [*Wall v. Rhodes*, 112 Ga. App. 572 (1) (145 SE2d 756) (1965).]" *MacDonald v. MacDonald*, 156 Ga. App. 565, 567 (275 SE2d 142) (1980). Appellants' brief does not do so and, thus, presents nothing for this court to review.

6. Appellants assert that the trial court erred in sentencing them in violation of OCGA § 17-10-2 (a). After the jury returned verdicts of guilty, the trial court proceeded with sentencing. Appellant Whisenhunt argues that OCGA § 17-10-2 (a) was violated when the State presented the trial court with certified copies of his prior convictions without prior notice to him. Further, appellants allege that they were denied sufficient time to prepare for presentation of mitigating evidence. We find no merit to this enumeration. OCGA § 17-10-2 (a) is inapplicable since it relates to the conduct of the presentence hearing in *felony* cases. Appellants were convicted of distributing obscene materials, an offense which is a misdemeanor. OCGA § 16-12-80 (f).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 26, 1984.

*Alan I. Begner, William A. Morrison*, for appellants.
*James L. Webb, Solicitor, Charles S. Hunter, Lawrence Lee Washburn III, Assistant Solicitors*, for appellee.