## 74773. PENDLETON v. THE STATE.
(361 SE2d 663)

DEEN, Presiding Judge.

During the early morning hours of January 8, 1986, a Cobb County police officer observed the vehicle driven by the appellant, Walter Pendleton, cross over the lane marks several times and change lanes twice without giving signals. The officer stopped the vehicle and, after noticing a strong odor of alcohol about Pendleton, administered a series of field sobriety tests, including an alconsensor, to Pen-

dleton. Having failed these tests, Pendleton was then placed under arrest and transported to the station; shortly afterwards, an intoximeter test indicated a blood alcohol content of .20 percent. He was charged, tried, and convicted of driving under the influence, driving with a blood alcohol content of .12 or greater, and failure to maintain a proper lane. The trial court merged the two driving under the influence counts and sentenced Pendleton to serve 12 months' imprisonment, followed by 12 months' probation, and to pay a $1,000 fine.

1. Pivotal to this appeal are three jury instructions given by the trial court. (1) After instructing the jury on the presumptions concerning blood alcohol content contained in OCGA § 40-6-392 (b) (1)-(3), the trial court then informed the jury that no presumption was involved if it found that Pendleton's blood alcohol content was .12 percent or greater; rather, in such a circumstance, the jury would have to find him guilty of driving with an unlawful blood alcohol content. (2) The trial court also charged that impaired driving ability is not a factor necessary to constitute a violation of OCGA § 40-6-391 (a) (4). (3) Lastly, the trial court instructed the jury that "the alconsensor is used as an initial screening device to aid the police officer. It is not the state administered test the police officers ask the defendant to take. Further, the test results as to the alconsensor are given in the form of positive or negative."

Trial counsel for the appellant neither objected to nor made reservations about these instructions, in response to the trial court's specific inquiry, and any objections were consequently waived. *Harper v. State*, 180 Ga. App. 20 (348 SE2d 318) (1986). Nevertheless, present counsel for the appellant contends that these jury instructions were bad, and that the trial counsel's failure to object demonstrated his ineffective assistance.

Concerning the main charge on blood alcohol content, notwithstanding this court's previous approval of essentially the same instruction in *Turrentine v. State*, 176 Ga. App. 145 (2) (355 SE2d 630) (1985), the appellant asserts that this charge (1) violates the constitutional principle that the jury shall be the judges of the law and the facts; (2) is inconsistent and conflicting, not to mention improper and insufficient; and (3) was impermissibly confusing to the jurors. He contends that the charge on impaired driving ability, although taken directly from *Lester v. State*, 253 Ga. 235, 237 (320 SE2d 142) (1984), in effect instructed the jury to presume the defendant's blood alcohol level if the state was unable to establish this fact, and was impermissibly burden-shifting. Further, in the appellant's mind, the charge on the alconsensor was an impermissible comment on the evidence.

These contentions make little sense, and have even less merit. The jury charges were correct statements of law and fit the evidence, and the failure of the appellant's trial counsel to assert frivolous ob-

jections to these charges certainly did not demonstrate ineffective assistance of counsel.

2. On the morning of (but prior to) the trial, the state disclosed to the appellant its intention to submit evidence of two prior convictions for driving under the influence in aggravation of sentencing. The sole objection raised during the actual sentencing hearing was that one of the prior convictions was too stale to consider. The appellant now contends that the trial court erred in considering the prior convictions because (1) the state did not comply with Rule 31.1 of the Uniform Rules of State Court, and (2) the state failed to show that the appellant either was represented by counsel or validly waived representation at the times of the prior convictions. These present objections were waived by the appellant's trial counsel, see *McDuffie v. Jones*, 248 Ga. 544 (283 SE2d 601) (1981), but for the edification of the appellant's present counsel it should be noted that Rule 31.1 of the Uniform Rules of State Court has nothing to do with tendering evidence in aggravation of sentencing.[1] The state was not even required to give pre-trial notice of its intention to present the prior convictions at the sentencing stage. *Whisenhunt v. State*, 172 Ga. App. 742 (324 SE2d 570) (1984).

3. There is no merit to the appellant's contention that he was denied a fair trial because it was discovered after the trial that one of the bailiffs was the step-father of the state's main witness, and this relationship conflicted with the bailiff's duty not to communicate with the jury. First of all, the witness in question was hardly the state's main witness; he was merely the police officer who had served as back-up to the arresting officer, and who did not even appear on the scene until the appellant had been arrested. Secondly, there is no substantiation whatsoever of the allegation of a familial relationship between the witness and the bailiff. Lastly, it is only where a communication from the bailiff to the jury is shown that the state must rebut a presumed harm, and in this case there was not even an allegation, much less a showing, of any communication. See *Mercer v. State*, 169 Ga. App. 723 (314 SE2d 729) (1984).

4. The appellant contends that the sentence imposed by the trial court was excessive when compared to the punishment received by others convicted of like offenses. OCGA §§ 17-10-1 and 17-10-2 allow a trial court to sentence a defendant to any amount of time within the limits provided by the legislature. See *Hiers v. State*, 179 Ga. App.

---

[1] The appellant's counsel's contention that the state did not comply with the Uniform Rules of State Court is not merely incorrect; rather, it illustrates the difficulty of practicing what one preaches. Despite being granted two extensions of time to prepare a brief and enumeration of errors in this essentially frivolous appeal, the brief eventually filed by counsel was lengthy, disorganized, and violative of Rule 11 (a) of the Rules of the Court of Appeals.

181 (345 SE2d 900) (1986). The sentence in this case was within the statutory limits, and any complaints regarding the sentence should have been addressed to the appropriate sentence review panel. *Hammond v. State*, 157 Ga. App. 647 (278 SE2d 188) (1981).

5. The appellant also contends that the verdict is contrary to law because the trial court failed to charge the jury on intent; that the verdict is contrary to the evidence because of improperly admitted evidence; and that the verdict is contrary to the weight of the evidence. To reject the first "contrary," we need only point out that the trial court did charge on intent. We are unable to discern any merit in the second "contrary" because, rather than specifying what evidence was improperly admitted, the appellant merely quotes testimony from the hearing on the motion for new trial criticizing the jury instructions. Concerning the third "contrary," the evidence was sufficient to authorize a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Thus, contrary to the appellant's contentions, the verdict is not infirm.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987 — 
REHEARING DENIED SEPTEMBER 29, 1987 — 

*Melvin S. Nash*, for appellant.
*Patrick H. Head*, Solicitor, *Philip Goldstein, Melodie Clayton, Assistant Solicitors*, for appellee.