## A97A1037. BAKER v. THE STATE.
(491 SE2d 78)

JOHNSON, Judge.

Bobby Baker was indicted on one count of aggravated child molestation and one count of aggravated sodomy for acts involving his live-in girl friend's ten-year-old daughter. A jury found him guilty of aggravated child molestation but not guilty of aggravated sodomy. Baker appeals from the judgment entered on the conviction and the denial of his motion for new trial.

1. Court of Appeals Rule 27 (c) requires each enumeration of error to be supported by argument and by specific reference to the record or transcript. Most of Baker's seven enumerations of error are unsupported by argument or by specific reference to the record or transcript. Moreover, at best only three of the enumerations specify any error allegedly committed by the trial court. See generally *Johnson v. State*, 216 Ga. App. 858, 859 (1) (456 SE2d 251) (1995). In addition, the enumerations of error are barely intelligible in themselves or in the brief. Under these circumstances, we would be authorized not to consider the enumerations at all. See Court of Appeals Rule 27 (c); *Whisenhunt v. State*, 172 Ga. App. 742, 744 (5) (324 SE2d 570) (1984). However, we will, to the extent we are able to do so, consider the issues Baker apparently seeks to assert on appeal.

2. Baker contends "there was a misunderstanding by the jury regarding the law . . . as shown by guilty on the aggravated child molestation and not guilty on the aggravated sodomy, the underlying cause necessary to elevate child molestation to aggravated child molestation." He argues that since aggravated child molestation requires physical injury or sodomy and there was no evidence of physical injury, he could only be found guilty of aggravated child molestation if he was also guilty of sodomy; because he was acquitted of the aggravated sodomy charge, he should have also been acquitted of the aggravated child molestation charge. This enumeration has no merit.

We note at the outset that the inconsistent verdict rule has been abolished in Georgia. See *Hill v. State*, 183 Ga. App. 654, 655 (1) (360 SE2d 4) (1987). Moreover, the elements of aggravated child molesta-

tion and aggravated sodomy are different. Aggravated child molestation involves child molestation accompanied by either physical injury or an act of sodomy. OCGA § 16-6-4 (c). Aggravated sodomy is sodomy committed with force or against the will of the victim. OCGA § 16-6-2 (a). Thus, a person may commit one of these offenses without committing the other.

In addition, the conduct related to each, as demonstrated in this case, is different. Count 1 of the indictment charged Baker with committing the offense of aggravated child molestation by penetrating the child's vagina with his finger. Count 2 charged Baker with committing aggravated sodomy by placing his mouth on the child's vagina. The child testified that it hurt when Baker molested her with his finger. In our opinion, evidence that the molestation "hurt" was sufficient to prove physical injury. It was not necessary for the child's testimony to be corroborated by medical evidence. See generally *Fitzgerald v. State*, 193 Ga. App. 76 (2) (386 SE2d 914) (1989). There being evidence of physical injury, it was not necessary to prove sodomy. See OCGA § 16-6-4 (c). We also point out that, although Baker was not found guilty of aggravated sodomy, there was evidence that he sodomized the child. This enumeration presents no grounds for reversal.

3. Baker argues that the child's memory of the events at issue was unreliable because it was influenced by suggestive and coercive interviewing techniques employed by an inexperienced and inadequately trained counselor. Baker does not specify how the interview was coercive or suggestive or how the interview elicited anything other than the truth. Indeed, our review of the transcript reveals the contrary.

The counselor testified that while the child and her mother were staying in a residential drug addiction center, the child approached the counselor in a playroom and told her that Baker touched her in her "private" and performed oral sex upon her. The counselor testified that she did not actually interview or initiate any conversations with the child, but simply let the child talk while she listened. Thus, Baker has failed to show any error.

4. Baker asserts three enumerations of error involving the Child Hearsay Statute, OCGA § 24-3-16.

(a) Baker contends that "there remains a question as far as the indicia of reliability." However, he does not specify what question remains. Nor does he make any specific reference to the transcript or record to support this enumeration. In any event, the record contains sufficient evidence of reliability. The child related similar statements regarding acts of molestation and sodomy to her mother, a police investigator/DFACS caseworker, a children's counselor, and the court at trial. Some of the child's statements were corroborated at trial by

her older brother. Furthermore, that the victim testified at trial and was subject to cross-examination provided an additional safeguard of Baker's rights. See *Watkins v. State*, 212 Ga. App. 296, 297 (2) (441 SE2d 801) (1994). We find no error. See *Gregg v. State*, 201 Ga. App. 238, 241 (3) (c) (411 SE2d 65) (1991).

(b) For the reasons discussed in Divisions 1 through 4 (a) above, Baker's separate enumeration of error that the conviction cannot stand because it is based on unreliable evidence is without merit.

(c) Baker's argument that "the state's use of OCGA § 24-3-16 is outside the scope of the exception" is unclear. He has failed to indicate which statements were erroneously admitted or why the statements were inadmissible. Again, Baker has failed to demonstrate any error.

5. Baker argues that the child's mother improperly bolstered the child's testimony by testifying that she had no reason to believe the child was being untruthful. However, he failed to raise any such objection below, and there is no reasonable probability that the outcome of the trial was changed by the mother's comment. See *Greene v. State*, 266 Ga. 439, 446 (14) (469 SE2d 129) (1996).

6. Baker's final enumeration that the "evidence was sufficiently close to warrant" the grant of a new trial is unsupported by any argument or citation of authority or reference to the record. In any event, this Court views the evidence in the light most favorable to support the verdict and does not weigh the evidence or determine witness credibility. See *Ogles v. State*, 218 Ga. App. 92, 93 (2) (460 SE2d 866) (1995). A challenge from the denial of a motion for new trial is reviewed under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). So viewed, the transcript reveals ample evidence from which any rational trier of fact could have found Baker guilty beyond a reasonable doubt of aggravated child molestation. See *Ogles*, supra; *Gable v. State*, 222 Ga. App. 768, 769 (1) (476 SE2d 66) (1996).

*Judgment affirmed. Pope, P. J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED JULY 24, 1997 —
RECONSIDERATION DENIED AUGUST 7, 1997.

*David E. Slemons*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.