## A00A0374. DEAL v. THE STATE.
(528 SE2d 289)

JOHNSON, Chief Judge.

Stephen Deal was convicted of aggravated sexual battery and child molestation for having inserted his finger into the vagina of the two-year-old victim. He appeals, challenging the sufficiency of the evidence, the admission of similar transaction evidence and the effectiveness of his trial counsel. Because the challenges are without merit, we affirm his convictions.

1. In reviewing the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and we no longer presume that the appellant is innocent.[1] We do not weigh the evidence or determine witness credibility, but instead we determine whether a rational trier of fact could have

---

[1] *House v. State*, 236 Ga. App. 405 (512 SE2d 287) (1999).

found the essential elements of the crime beyond a reasonable doubt.[2]

The evidence in the instant case shows that Deal was a friend of Chris Bailey, who lived with Tonya Pendley and her two-year-old daughter. Deal spent a lot of time at Pendley and Bailey's home, and Pendley's daughter liked Deal, playing with him and calling him her uncle. But in March 1997, Pendley noticed that her daughter began avoiding Deal and crying when he tried to pick her up.

Later that month, after Pendley's daughter complained that she was hurt, Pendley checked her diaper and noticed that the child's vaginal area was irritated. When Pendley decided to take the girl to the hospital, Deal tried to discourage her by saying that nothing was wrong with the child, that the doctors at the hospital would laugh at her and that she could not afford to take her daughter to the hospital.

Nevertheless, Pendley took her daughter to the hospital, where she was examined by Dr. James Rimer. Dr. Rimer discovered that the opening of the child's vagina had a slight tear and was red. He concluded that both the tear and redness were consistent with a finger having been inserted into the vagina.

Sheriff's Detective Jackie Williams questioned Deal about the child's injuries. Deal denied having had any contact with the child's vaginal area, and he agreed to take a polygraph examination, stipulating that the polygraph results would be admissible at a trial on the matter.

During the polygraph examination, Deal was asked if he had put his finger or anything else into the child's vagina. Deal answered that he had not put anything inside her vagina. The polygraph results showed that Deal's denials of having inserted anything into the child's vagina were deceptive. When the polygraph examiner later asked Deal why his responses showed deception, Deal explained that he had been reluctant to tell the true story that his finger had accidentally slipped into the victim's vagina because he had been "blamed for it before in Tennessee." Deal then signed a written statement claiming that Pendley was giving her daughter a bath, that the child got out of the tub and ran down a hallway, that Pendley asked him to stop the child, that he then picked the girl up and when he did so his finger accidentally slid into her vagina. Both Pendley and Bailey said that this incident described by Deal never occurred.

Detective Williams and another detective interviewed Deal after his failed polygraph and subsequent statement that he had accidentally touched the child. During that interview, Deal changed his

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *House*, supra.

story about the accidental touching of the victim and signed a statement admitting that he had put his finger inside the victim's vagina intentionally and that he needs help because he is attracted to young children.

Deal also allegedly committed two similar molestations. Johnny Welch testified that in 1992 Deal was babysitting Welch's three-year-old son when, while giving the boy a bath, Deal put his penis inside the boy's anus. And Robert Firsdon testified that in 1993 Deal was babysitting his seven-year-old daughter when he gave her a bath and then rubbed lotion on her and touched her vagina.

A person commits the offense of child molestation when he does any immoral or indecent act to, with or in the presence of a child under the age of 16 years with the intent to arouse or satisfy his own or the child's sexual desires.[3] And a person commits the offense of aggravated sexual battery when he intentionally uses a foreign object to penetrate the sexual organ or anus of another person without that person's consent.[4] Based on the evidence presented at Deal's trial, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Deal is guilty of child molestation and aggravated sexual battery because he inserted his finger into the child victim's vagina.[5] Deal's claim that there is insufficient evidence to support the convictions is therefore without merit.

2. Deal complains that the court erred in allowing the fathers of the two similar transaction victims to give hearsay testimony about the victims' statements that Deal had molested them. Deal's complaint is meritless because this sort of hearsay testimony, describing a child's statement about sexual abuse, is admissible similar transaction evidence under OCGA § 24-3-16, the child hearsay statute.[6]

3. Deal contends that his trial attorney was ineffective because he did not subpoena Deal's work records to show that Deal was working at the time of the charged molestation, he did not object that Deal's character was improperly placed in issue by his own written statement that he had been "blamed for it before in Tennessee" and he did not ask the judge to charge the jury on the limited purpose of the similar transaction evidence at the time the evidence was admitted.

To prevail on a claim of ineffective assistance of counsel, the defendant must show two things: (1) that counsel's performance was

---

[3] OCGA § 16-6-4 (a).

[4] OCGA § 16-6-22.2 (b).

[5] See *Hendrix v. State*, 230 Ga. App. 604, 607 (5) (497 SE2d 236) (1998); *Ryan v. State*, 226 Ga. App. 180 (1) (486 SE2d 397) (1997); *Burke v. State*, 208 Ga. App. 446-447 (1) (430 SE2d 816) (1993).

[6] *Guest v. State*, 216 Ga. App. 457, 458-459 (3) (454 SE2d 622) (1995).

deficient and (2) that the deficiency prejudiced the defense to the extent that there is a reasonable probability that but for the deficiency the result of the proceeding would have been different.[7] In this case, Deal has shown neither a deficiency nor prejudice.

As to Deal's claim that counsel ineffectively failed to subpoena his work records, the purported documents are not part of the record, so it is impossible for us to determine if such documents in fact exist, let alone if they actually would have helped his defense. Moreover, his trial attorney testified at the motion for new trial hearing that Deal never asked him to subpoena his work records. Under these circumstances, Deal has not shown that the failure to subpoena the records was deficient or, even if it were deficient, that it prejudiced his defense.[8]

Deal's claim that his attorney was ineffective because he did not raise a character objection to part of Deal's written statement is likewise without merit. In the statement, Deal indicated that he had been afraid to tell the truth during the polygraph because he had been "blamed for it before in Tennessee." As the trial court correctly noted, this statement is ambiguous and does not clearly refer to a prior molestation by Deal. Furthermore, even if the statement can be read to refer to a prior molestation charge and thereby place Deal's character in issue, the trial transcript reveals that Deal's counsel vigorously objected to admission of the statement on the ground that its prejudice outweighed its relevance. Counsel's decisions on which motions and objections to make are matters of trial strategy and tactics that are within the lawyer's exclusive province and that do not amount to ineffective assistance of counsel.[9]

Additionally, counsel's decision not to request a contemporaneous limiting jury instruction regarding the similar transaction evidence was a matter of trial tactics and strategy that does not provide a ground for reversal.[10] Moreover, the court did give a complete and accurate limiting charge on similar transactions during its final jury instructions. Thus, Deal has shown no prejudice arising from counsel's decision.[11]

Because Deal has not shown either a deficiency by trial counsel or any prejudice from counsel's performance, the trial court correctly denied Deal's motion for a new trial on the ground of ineffective assistance of counsel.

---

[7] *Esquivel v. State*, 236 Ga. App. 325 (512 SE2d 61) (1999).

[8] See *Hearst v. State*, 212 Ga. App. 492, 495 (2) (b) (2) (441 SE2d 914) (1994); *Gant v. State*, 197 Ga. App. 351, 352 (2) (398 SE2d 301) (1990).

[9] See *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999); *Esquivel*, supra at 326.

[10] See *Champion v. State*, 238 Ga. App. 48, 49 (1) (b) (517 SE2d 595) (1999).

[11] See id.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 19, 2000.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.