## A03A0244. GROOMS v. THE STATE.
(583 SE2d 216)

RUFFIN, Presiding Judge.

A jury found Adrian Grooms guilty of aggravated child molestation and aggravated sexual battery. On appeal, he challenges the sufficiency of the evidence and the admissibility of statements he made to police while in custody on an unrelated charge. Grooms also contends his trial counsel was ineffective. Finding no error, we affirm.

1. Where a defendant challenges the sufficiency of the evidence, we construe the evidence in a light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] Moreover, on appeal we neither weigh the evidence nor assess witness credibility, but merely determine whether a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that on Saturday, January 27, 2001, the victim, 11-year-old S. N. J., and her mother lived with Grooms. S. N. J.'s mother left for work that day at 7:00 in the morning.

S. N. J. testified that, shortly after waking up, she saw Grooms as she was coming out of the bathroom. According to S. N. J., Grooms told her to take off her clothes, lie down on his bed and spread her legs so that he could "open her up." Grooms then inserted his finger into S. N. J.'s vagina while covering her face with a pillow. S. N. J. testified that Grooms's conduct "hurt."

After breakfast, Grooms instructed S. N. J. to undress again and lie down on the bed. He inserted his finger into S. N. J.'s vagina a second time while holding a pillow over her face. Grooms told S. N. J. that if his middle finger got halfway into her vagina, it meant that she had "graduated." Regarding this second incident which occurred after breakfast, S. N. J. testified again that Grooms caused her pain. S. N. J. subsequently reported Grooms's conduct to her mother, who took her to the police to make a statement and to the hospital to be examined. The doctor who examined S. N. J. testified that, although the victim's hymen was not ruptured, her findings during the examination were consistent with finger penetration. Based on this evidence, a jury convicted Grooms of one count of aggravated sexual battery and one count of aggravated child molestation.[3]

On appeal, Grooms contends the evidence was insufficient to convict him of aggravated sexual battery and aggravated child moles-

---

[1] See *Deal v. State*, 241 Ga. App. 879 (1) (528 SE2d 289) (2000).

[2] See id. at 879-880.

[3] The trial court merged the two counts for sentencing purposes and also dead-docketed a count of child molestation.

tation because the only witness linking him to the crime was an "impressionable eleven-year-old child." Grooms also points to the absence of physical evidence of molestation corroborating S. N. J.'s testimony and argues the State failed to show that S. N. J. was physically injured, as required by OCGA § 16-6-4 (c).

To the extent that Grooms suggests additional testimony is required to link him to the crime, we disagree. " 'The testimony of a single witness is generally sufficient to establish a fact.' "[4] We also disagree with Grooms's argument that the State failed to show that the victim was physically injured, which is a requirement for the offense of aggravated child molestation.[5] The victim's testimony indicating the molestation "hurt" sufficed to prove the element of physical injury.[6] In such case, medical evidence is not required to corroborate the child's testimony.[7]

Grooms also contends S. N. J.'s testimony was unreliable because she had difficulty recalling the date of this incident. "Any questions of inconsistency or credibility were for the jury to resolve."[8] Accordingly, this claim of error presents no basis for reversal.

2. Grooms challenges the admissibility of statements he made to police while in custody on an unrelated charge. According to Grooms, the trial court abused its discretion in questioning the State's witness during the *Jackson-Denno* hearing. Grooms also asserts the trial court erred in relying on hearsay in its ruling.

Grooms was under arrest for an aggravated assault charge when Sergeant Smith served the arrest warrant for the child molestation charges. After the State questioned Smith regarding certain statements Grooms made in Smith's presence, which Grooms alleges are inculpatory, Grooms's attorney cross-examined Smith to establish the timing of these statements in relation to the *Miranda* warnings. Seeking clarification, the trial court further questioned Smith and discovered that Grooms had blurted out the statements while Smith was attempting to read him his *Miranda* warnings.[9] When Smith finally finished reading the *Miranda* warnings, Grooms indicated he wanted to speak to a lawyer, and the interview ended.

---

[4] *Roberts v. State*, 258 Ga. App. 107-108 (1) (572 SE2d 744) (2002).

[5] See OCGA § 16-6-4 (c); *Gearin v. State*, 255 Ga. App. 329, 333 (1) (565 SE2d 540) (2002).

[6] *Baker v. State*, 228 Ga. App. 32, 33 (2) (491 SE2d 78) (1997).

[7] See id.

[8] *Turner v. State*, 245 Ga. App. 295 (1) (536 SE2d 814) (2000).

[9] Grooms blurted out several statements during this time, including that: (1) he was innocent of the charges; (2) this incident could not have occurred because S. N. J.'s mother did not work that Saturday; (3) he could not believe these charges were being brought against him; (4) he deals with children in the neighborhood; (5) the child's mother was loose and left her alone with boys; and (6) the child had lifted her dress one day to show him a rash, and he had indicated she should talk to her mother about these things.

We have previously held that "[t]he trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion."[10] Here, we find no abuse of discretion in the court's questioning of Smith. Moreover, Grooms failed to object to the trial court's line of questioning, thus waiving any error.[11]

Grooms also asserts the trial court erred in reviewing the police report prior to questioning Smith. According to Grooms, the report contained inadmissible hearsay. However, it is well settled that a trial court, when sitting as the finder of fact, "is presumed to have separated admissible evidence from inadmissible evidence and considered only the former in reaching its judgment."[12] Thus, this claim of error also lacks merit.

3. Grooms argues his trial counsel was ineffective because he failed to: (1) call Valerie Jinks as an alibi witness; (2) object to the admission of S. N. J.'s taped interview at the Georgia Center for Children; (3) obtain the phone records corroborating Grooms's claim that S. N. J.'s mother continued to contact him after the child molestation charges were filed; and (4) obtain copies of a witness's criminal convictions. We find these contentions equally unavailing.

In order to prevail on a claim of ineffective assistance of counsel, Grooms must prove (1) that his trial counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) that but for trial counsel's alleged deficiency, the result would have differed.[13] On appeal, we will uphold a trial court's finding that the defendant received effective assistance unless clearly erroneous.[14]

(a) Grooms claims his trial counsel was ineffective for failing to call Jinks as an alibi witness. According to Grooms's trial counsel, Grooms initially claimed that, although he was at home on the date of the alleged crime, the victim was not. During the trial, however, Grooms informed his attorney that he had an alibi witness who would testify that he was not at home when the crime was committed. Given the inconsistencies between Grooms's earlier statements and the alibi witness's proposed testimony, the attorney concluded that he could not ethically call the alibi witness, who he feared would give perjured testimony. As "[t]rial counsel is precluded from assist-

---

[10] *Salazar v. State*, 256 Ga. App. 50, 52 (3) (567 SE2d 706) (2002).
[11] See id.
[12] *Watson v. State*, 274 Ga. 689, 691 (3) (558 SE2d 704) (2002).
[13] See *Deal*, supra at 881-882 (3).
[14] See *Tanner v. State*, 259 Ga. App. 94, 98 (4) (576 SE2d 71) (2003).

ing his client in presenting perjured testimony," we reject Grooms's claim that his attorney was ineffective on that basis.[15]

(b) We find equally unconvincing Grooms's argument that trial counsel's failure to object to the admission of S. N. J.'s taped interview with the Georgia Center for Children[16] and its subsequent publication to the jury amounts to ineffectiveness. Trial counsel testified that he agreed to have the tape admitted as a matter of trial strategy because he wanted to impeach S. N. J. regarding her confusion with dates. Such a tactical decision is virtually unassailable on appeal.[17]

(c) Grooms also alleges his attorney was ineffective for failing to introduce phone records, which would have corroborated his testimony that the victim's mother continued to call him after he had been released from jail. However, Grooms makes no effort to establish how he was prejudiced by the absence of this information. Although the evidence arguably could have impeached the mother's testimony to a degree, it does not go to whether S. N. J. was, in fact, victimized. Thus, we fail to see any prejudice.[18]

(d) Nor do we find trial counsel was ineffective for failing to introduce the mother's criminal history, if such a history exists.[19] Trial counsel testified he had no reason to believe the information obtained from Grooms regarding the mother's criminal history was reliable or true, as the mother denied having a criminal history. Accordingly, we find no error.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JUNE 6, 2003 — 

*Bruce S. Harvey, David S. West, Jennifer S. Hanson,* for appellant.

---

[15] *Nicholson v. State,* 265 Ga. 711, 715 (4) (462 SE2d 144) (1995); see also *Nelson v. State,* 242 Ga. App. 63, 66 (8) (528 SE2d 844) (2000) (refusal to call witness who might perjure herself presumed a reasonable exercise of professional judgment).

[16] We note that the tape was not made part of the record on appeal. See *Leatherwood v. State,* 212 Ga. App. 342 (441 SE2d 813) (1994) (" 'This court cannot consider the factual assertions of the parties appearing in briefs when such evidence does not appear on the record.' ").

[17] *Bagwell v. State,* 270 Ga. 175, 179 (1) (e) (508 SE2d 385) (1998) (attorney's "election to allow the tape was a matter of tactics and strategy, and whether ultimately 'wise or unwise' did not amount to ineffective assistance of counsel").

[18] See *Letson v. State,* 236 Ga. App. 340, 341 (2) (512 SE2d 55) (1999) (defendant bears burden of establishing prejudice).

[19] See *Milner v. State,* 271 Ga. 578, 579 (2) (522 SE2d 654) (1999) (where it is unclear whether witness has criminal history and whether convicted person and witness are one and the same, counsel not deficient for failing to introduce certified copy of conviction).

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Gayle M. Abramson, Assistant District Attorneys,* for appellee.