## A07A1946. WATERS v. THE STATE.
### (653 SE2d 849)

SMITH, Presiding Judge.

Darvin Jay Waters was indicted by a Floyd County grand jury on thirteen counts of various sexual offenses against three children. The jury acquitted him of five counts, including all four counts with respect to one of the children, and found him guilty of the remaining eight. Waters's motion for new trial was denied, and Waters appeals, asserting the general grounds only as to Count 5 of the indictment. Because the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we affirm.

Count 5 charged Waters with aggravated child molestation involving injury to the child. The victim was 11 years old at the time of trial. OCGA § 16-6-4 (c) provides, "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy." No particular degree of injury is specified by the statute.

Waters argues that the evidence adduced at trial fails to show injury, because when J. S. testified at trial she could not remember whether the molestation hurt. But in her earlier videotaped interview with investigators, which was played for the jury, J. S. stated, "It hurt."

In *Baker v. State*, 228 Ga. App. 32 (491 SE2d 78) (1997) (physical precedent only), a case with very similar facts, the victim testified that "it hurt" when the defendant molested her. We held: "In our opinion, evidence that the molestation 'hurt' was sufficient to prove physical injury. It was not necessary for the child's testimony to be corroborated by medical evidence. [Cit.]" Id. at 33 (2). While our decision in *Baker* is physical precedent only, it was cited by the Georgia Supreme Court with approval for this same holding in *Dixon v. State*, 278 Ga. 4 (596 SE2d 147) (2004):

According to existing case law, all that is required to meet the "injury" requirement is that the victim experienced pain during the crime. See *Baker*[, supra at] 33 ("evidence that the molestation 'hurt' was sufficient to prove physical injury," even without corroborating medical evidence). The

State in this case introduced evidence that the victim did experience pain during the sexual intercourse.

Id. at 7 (2), n. 15. Waters, while he forthrightly and commendably acknowledges *Baker* (though not *Dixon*), attempts to distinguish it by pointing out that in this case the victim's testimony at trial differed from her earlier statement to investigators. But it is well established that "[a] party may introduce a prior consistent statement of a forgetful witness where the witness testifies at trial and is subject to cross-examination." (Citations and footnote omitted.) *Manning v. State*, 273 Ga. 744, 745 (3) (545 SE2d 914) (2001).

On appeal of a criminal conviction, we do not consider the weight of evidence or the credibility of the witnesses, but only if the evidence is sufficient to support the verdict. *Jackson*, supra. "As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citation omitted.) *Goodman v. State*, 237 Ga. App. 795, 796 (516 SE2d 824) (1999). The evidence was sufficient to support the jury's verdict.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED NOVEMBER 6, 2007.

*Drummond & Swindle, Jason W. Swindle*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.