## A08A0062. MANGHAM v. THE STATE.
### (662 SE2d 789)

PHIPPS, Judge.

Richard Mangham, Jr., challenges the sufficiency of the evidence underlying his conviction for the aggravated child molestation of A. W. We affirm.

When a defendant challenges the sufficiency of the evidence, we construe the evidence in a light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We neither weigh the evidence nor assess witness credibility, but merely determine whether a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.[2]

A. W. testified that one night in July 2004, when she was 13 or 14 years of age,[3] she was watching television alone, in the living room of her cousin's home. Mangham was her cousin's boyfriend and lived there. About an hour after her cousin and Mangham had gone upstairs to bed, Mangham came back downstairs into the room with A. W., began playing a videotape of individuals having sex, and offered to show her how to have sex. Mangham pulled off A. W.'s shorts, got on top of her, and penetrated her vagina with his penis. She described Mangham's act as physically "painful" and testified that her vaginal area hurt throughout the next day. A. W. testified that after Mangham ejaculated, he told her not to tell anyone about the incident because he "could get in big trouble."

A. W. testified that she was afraid of what would happen and did not tell anyone about the incident until months later, when she confided to her best friend, also a teenager, that Mangham had shown her a sex tape and raped her and that the sexual act had hurt. Later, in July 2005, A. W. told her parents what Mangham had done, and the police were called. A. W. described the incident to a police investigator and later to a forensic interviewer trained to interview alleged victims of sexual or physical abuse. That same month, a pediatric nurse practitioner examined A. W.'s vaginal area. She testified that there were no specific findings related to a sexual assault.

Mangham was tried in 2007 for (a) child molestation, by performing an immoral and indecent act upon A. W. by showing her a pornographic video with the intent to arouse and satisfy his sexual desires; and (b) aggravated child molestation, by performing an immoral and indecent act upon A. W. by inserting his penis in her

---

[1] *Grooms v. State*, 261 Ga. App. 549 (1) (583 SE2d 216) (2003).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grooms*, supra.

[3] A. W. was born in July, and she could not recall whether the incident occurred before or after her birthday of that year.

vagina with the intent to arouse and satisfy his sexual desires, which act physically injured her. A jury found him guilty on both counts, and the trial court merged the offenses for sentencing purposes.

On appeal, Mangham contends that the state failed to prove that A. W. was physically injured.[4] He notes that A. W. testified that his conduct against her was painful, but points out that no physical or medical evidence corroborated her testimony.

Mangham's contention is without merit. There is no requirement that testimony of the victim of aggravated child molestation be corroborated.[5]

> The testimony of a single witness is generally sufficient to establish a fact. . . . The victim's testimony indicating the molestation [was painful] sufficed to prove the element of physical injury. In such case, medical evidence is not required to corroborate the child's testimony.[6]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

### DECIDED MAY 29, 2008.

*Joseph J. Saia*, for appellant.

*William T. McBroom*, District Attorney, *Gail M. Travillian, Assistant District Attorney*, for appellee.

---

[4] See OCGA § 16-6-4 (a) (defining child molestation as "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person"); OCGA § 16-6-4 (c) (defining aggravated child molestation as "an offense of child molestation which act physically injures the child or involves an act of sodomy").

[5] *Fitzgerald v. State*, 193 Ga. App. 76 (2) (386 SE2d 914) (1989).

[6] *Grooms*, supra at 549-550 (punctuation and footnotes omitted) (victim's testimony that defendant inserting his finger in her vagina had "hurt" and caused her pain sufficed to prove physical injury element of aggravated child molestation); see *Baker v. State*, 228 Ga. App. 32, 33 (2) (491 SE2d 78) (1997) (victim's testimony that defendant inserting his finger in her vagina had "hurt" sufficed to prove physical injury element of aggravated child molestation) (physical precedent only).