Doyle, Presiding Judge.
In a jury trial, Stephen Kendrick was found guilty of aggravated child molestation,[1] statutory rape,[2] child molestation,[3] contributing to the delinquency of a minor,[4] and criminal trespass.[5] He appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence as to the aggravated child molestation count on the ground that there was no physical injury to the victim. For the reasons that follow, we affirm.
“On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence.”[6] So viewed, the record shows that Kendrick, a 32-year-old man, approached the victim’s father at a gas station seeking a ride. Kendrick then explained that he had nowhere to go, and the father allowed Kendrick to work at his store and stay in the basement of his home, where he lived with his wife and children, including his 13-year-old daughter, L. F. After Kendrick appeared to grow closer to L. F, the father asked Kendrick to leave. A few weeks later, L. F. ran away from her home and stayed with Kendrick at his sister’s or at an apartment. Kendrick had intercourse with L. F., and they later learned that she was pregnant after L. F. was located by police, and her mother took her to the hospital for an evaluation. L. F. carried the baby to term and delivered a healthy boy.
Kendrick did not dispute his paternity of the child, and he was subsequently charged with aggravated child molestation, statutory rape, child molestation, interference with custody, contributing to the delinquency of a minor, and criminal trespass. Following a jury trial, he was found guilty of each count except for interference with custody. Kendrick’s motion for new trial was denied, giving rise to this appeal.
Kendrick contends that the evidence was insufficient to support his conviction for aggravated child molestation because there was no evidence of a physical injury caused by the act of having intercourse with the victim. OCGA § 16-6-4 (c) defines the offense as follows: “A person commits the offense of aggravated child molestation when such person commits an offense of child molestation [e.g., an immoral *683 or indecent act to any child under the age of 16] which act physically injures the child or involves an act of sodomy.”[7] There was no evidence at trial of an act of sodomy; therefore, the State had the burden to prove that Kendrick’s molestation caused a physical injury to the victim.
The evidence in the case was somewhat unusual in that there was no physical exam near in time to the molestation, and the victim, who believed she was in a romantic relationship with Kendrick, did not testify that the intercourse was physically forceful, painful, or otherwise physically injurious.[8] Thus, there was no evidence presented depicting the physical injuries one might expect in a case such as this.[9] Perhaps because of these peculiar facts, the indictment alleged, and the State argues on appeal, that Kendrick caused an injury as follows:
Stephen Troy Kendrick [is accused of] aggravated child molestation ... for [that] said accused . . . did unlawfully commit an immoral and indecent act to, with and in the presence of [the victim], a child under the age of sixteen (16) years, by engaging in sexual intercourse with [the victim], with intent to arouse and satisfy his sexual desires; said act involving physical injury to said child by impregnating her causing said child to endure childbirth; [ ]contrary to the laws of [Georgia]. . . .
OCGA § 16-6-4 does not define what “physically injures” means, and we have found no Georgia case law explicitly defining the term in this context,[10] so
we must turn to the basic rules of statutory construction. Specifically, we apply the fundamental rules of statutory *684 construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature.[11]
According to Black’s Law Dictionary (6th ed. 1990), the term “injury” means “any wrong or damage done to another, either in his person, rights, reputation, or property,” and more specifically, “bodily injury” means “[pjhysical pain, illness [,] or any impairment of physical condition.” It is axiomatic that a full-term pregnancy involves at least some impairment of physical condition, and furthermore, there was evidence in this case that the victim experienced pain during the two-day labor and delivery process. So by the above definitions, the record supports a finding of a physical injury to the victim caused by the molestation.
Furthermore, courts in other jurisdictions have held that pregnancy constitutes physical harm,[12] concluding with “no trouble . . . that pregnancy and childbirth resulting from [non-consensual sexual conduct] constitute physical injury” to the victim.[13] In this case, the underage victim’s professed desire to endure the pregnancy and deliver the baby is of no moment because of her legal incapacity to consent to the intercourse.[14]
In light of these accepted views of physical injury in the present context, we conclude that the record here supported a finding that *685 Kendrick’s victim was physically injured by the molestation. Accordingly, his enumeration is without merit, and we affirm his conviction.

Judgment affirmed.

Miller, J., concurs. Dillard, J., concurs fully and specially.

 OCGA § 16-6-4 (a) (1), (c). The statutory rape and child molestation counts merged with this count for purposes of sentencing.

 OCGA § 16-6-3 (a).

 OCGA § 16-6-4 (a) (1).

 OCGA § 16-12-1 (b) (1).

 OCGA § 16-7-21 (b) (2).

 Rankin v. State, 278 Ga. 704, 705 (606 SE2d 269) (2004).

 (Emphasis supplied.)

 Notably, during deliberations the jury asked the trial court whether “childbirth [is] an injury under the aggravated child molestation [statute]?” With the parties’ agreement, the court stated that this was a factual issue for resolution by the jury. This characterization is not challenged on appeal.

 Compare, e.g., Mangham v. State, 291 Ga. App. 696, 697 (662 SE2d 789) (2008) (“The victim’s testimony indicating the molestation was painful sufficed to prove the element of physical injury.”) (punctuation omitted); Bell v. State, 294 Ga.App. 779, 780 (1) (670 SE2d 476) (2008) (“[T]he [victim] testified to her age of 13 at the time of the incident, to [the defendant’s] forcible act of intercourse upon her, and to her pain and bleeding from the act;... and the nurse testified to the injuries to the girl’s hymen and vaginal area resulting from penetration.”).

 See generally Fluker v. State, 248 Ga. 290, 293 (2) (282 SE2d 112) (1981) (noting a possible legislative intent in passing an anti-pandering statute as “protecting young females from physical injury or from the loss of‘chastity’ ”); Barnes v. State, 244 Ga. 302, 304 (1) (260 SE2d 40) (1979) (noting that carnal knowledge can cause physical injury and pregnancy to *684 “previously chaste” underage girls). Compare Hightower v. State, 256 Ga. App. 793, 795 (570 SE2d 22) (2002) (in the context of a cruelty to children charge, finding insufficient evidence of mental pain caused to a minor who described her physical experience of pregnancy and childbirth only as “good pain”).

 (Punctuation omitted.) State v. Mussman, 289 Ga. 586, 588 (1) (713 SE2d 822) (2011).

 See United States v. Asberry, 394 F3d 712, 717 (II) (9th Cir. 2005) (statutory rape is a “crime of violence” because “physical risks of pregnancy among adolescent females are ‘injuries’ as the term is defined in common and legal usage”), quoting Oxford English Dictionary (2d ed. 1989); United States v. Shannon, 110 F3d 382, 388 (7th Cir. 1997) (“Pregnancy resulting from rape is routinely considered a form of grave bodily injury.”), abrogated on other grounds by Begay v. United States, 553 U. S. 137, 148 (II) (B) (2) (128 SCt 1581, 170 LE2d 490) (2008); State v. Gonzales, 2011 Ariz. App. Unpub. LEXIS 94 (Ariz. Ct. App. 2011) (physical precedent only) (“An unwanted pregnancy constitutes physical harm.”); State v. Jones, 889 SW2d 225, 231 (III) (Tenn. Crim. App. 1994) (unwanted pregnancy is “personal injury”); People v. Sargent, 86 Cal. App. 3d 148, 151 (1978) (“Pregnancy resulting from rape is great bodily injury.”).

 Fenelon v. State of Florida, 629 S2d 955, 956 (1993).

 See generally Loyd v. State, 288 Ga. 481, 492 (4) (c), n. 8 (705 SE2d 616) (2011) (noting the age - 16 - at which a minor can legally consent to certain sexual acts); Shannon, 110 F3d at 388 (“To the extent that a 13 year old is incapable of appreciating the full risk and consequences of sexual intercourse, her ensuing pregnancy and parturition (or abortion) must be considered at least quasi-involuntary and could well he considered, therefore, a physical injury even if the pregnancy is normal.”).