S98A0684. CARTER v. THE STATE.
(499 SE2d 63)

CARLEY, Justice.

The grand jury indicted Reginald Sean Carter on alternative counts of malice murder, felony murder-aggravated assault, felony murder-cruelty to children, aggravated assault, and cruelty to children. In addition, the indictment charged Carter with three separate

counts of obstruction of an officer. On the eight-count indictment, the jury returned the following verdicts: not guilty of malice murder; guilty of the lesser included offense of involuntary manslaughter-simple battery; guilty of felony murder-cruelty to children; guilty of the lesser included offense of simple battery; guilty of cruelty to children; guilty of one count of obstruction of an officer; and, guilty of two counts of the lesser included offense of resisting arrest. The trial court entered judgments of conviction only on the verdicts finding Carter guilty of felony murder, obstruction of an officer and resisting arrest. As to the convictions for those four offenses, the trial court imposed a life sentence for the felony murder, a consecutive five-year term for obstructing an officer and two concurrent twelve-month terms for resisting arrest. After entry of the judgments of conviction and sentences, Carter filed a motion for new trial. The trial court denied the motion and Carter appeals.[1]

1. Carter attacks the sufficiency of the evidence to authorize his conviction for felony murder. Construed most strongly against him and in support of the guilty verdict, the evidence shows the following: The victim of the homicide was Davante King, who was the two-year-old son of Carter's girl friend, Jacqueline King. Carter, Ms. King and Davante all shared a home with Faye Dalcie, Carter's mother. On the day of the homicide, Ms. King left for work at an early hour. Between 10:00 and 11:00 a.m., Ms. Dalcie noticed that the child felt feverish. She gave him some medicine and he seemed to improve. However, before she left for work at 1:40 p.m., Ms. Dalcie told Carter that Davante was sick. When Ms. King returned from work about 3:25 p.m., Davante appeared to be sleeping, so she did not disturb him. Approximately one-half hour later, Ms. King checked on the child, discovering only then that he was severely bruised and unconscious. Davante was rushed to the hospital, where he was pronounced dead. Although several of the child's injuries were potentially fatal, the immediate cause of his death was a subdural blood clot caused by blunt-force trauma to the head or violent shaking. Carter phoned the hospital and learned that the child was dead. Although he stated that he would come to the hospital, he never arrived. Several hours later, an officer observed Carter participating in a suspected drug transaction. After establishing that Carter was wanted for a probation violation, the officer attempted to arrest him. When Carter tried

---

[1] The crimes were committed on November 8, 1995 and the grand jury indicted Carter in the November 1995 term. The jury returned its guilty verdicts on October 3, 1996. The trial court entered the judgments of conviction and sentences on October 10, 1996. On November 8, 1996, Carter filed his motion for new trial and the trial court denied that motion on December 19, 1997. Carter filed his notice of appeal on January 15, 1998. The case was docketed in this court on January 27, 1998. The appeal was submitted for decision on March 23, 1998.

to escape, the officer and two backup officers pursued him. After a struggle, the three officers eventually subdued Carter. Carter told one of the officers that he had killed once and could kill again. During his incarceration, Carter made incriminating statements to two of his cellmates regarding the death of the child. In one of those statements, Carter admitted hitting Davante after the child was incontinent.

This evidence is sufficient to support a finding that, in the few hours between Ms. Dalcie's departure and Ms. King's return, Carter fatally beat or shook the sick child. Accordingly, the evidence authorizes a rational trier of fact to find proof beyond a reasonable doubt of Carter's guilt of felony murder while in the commission of child cruelty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McNeal v. State*, 263 Ga. 397 (1) (435 SE2d 47) (1993).

2. Carter also urges that the evidence is insufficient to show his guilt of misdemeanor-involuntary manslaughter, simple battery and cruelty to children. Although the jury did return guilty verdicts on those three alternative counts, the trial court, pursuant to OCGA § 16-1-7 (a) (1), entered a judgment of conviction and sentence only on the jury's verdict finding that Carter was guilty of the felony murder-cruelty to children count. Therefore, we need not address the merits of Carter's enumeration of the general grounds addressing the verdicts finding him guilty of the alternative offenses, but for which he was never convicted and sentenced. See *Sanders v. State*, 212 Ga. App. 832-833 (1, 2) (442 SE2d 923) (1994).

3. Carter moved unsuccessfully to sever the three counts of obstruction of an officer for a separate trial. The crimes alleged in those three counts were part of the res gestae of Carter's arrest shortly after the death of the child. See *State v. Luke*, 232 Ga. 815 (209 SE2d 165) (1974). Moreover, Carter's arrest led to his incriminating statements to one of the officers and two of his cellmates. Thus, it would have been impossible to present all of the relevant evidence regarding Carter's involvement in the homicide of the child without also introducing evidence as to the circumstances of his arrest. See *Stewart v. State*, 239 Ga. 588, 589 (3) (238 SE2d 540) (1977). Therefore, the trial court did not abuse its discretion in denying Carter's motion for severance. *Catchings v. State*, 256 Ga. 241, 243 (4) (347 SE2d 572) (1986).

4. Carter enumerates as error the trial court's failure to excuse a prospective juror for cause. The juror initially expressed some concern about her ability to be impartial. However, her responses to further questioning demonstrated that she held no fixed and definite opinion as to Carter's guilt, and would try to decide the case on the basis of the evidence and the trial court's charge. Thus, there was no abuse of discretion in the trial court's failure to strike the juror for

cause. *Garland v. State*, 263 Ga. 495 (1) (435 SE2d 431) (1993).

5. Carter asserts that he is entitled to a new trial because the verdicts finding him guilty of misdemeanor-involuntary manslaughter and felony murder are mutually exclusive. See *Dumas v. State*, 266 Ga. 797, 798 (2) (471 SE2d 508) (1996). He further contends that, even if the verdicts are not mutually exclusive, they are ambiguous and authorize entry of a judgment of conviction and sentence only for the less culpable offense of misdemeanor-involuntary manslaughter. See *Lindsey v. State*, 262 Ga. 665 (1) (424 SE2d 616) (1993).

There is no inconsistency or ambiguity with regard to Carter's intent to commit a homicide, since the jury acquitted him of malice murder and both of its guilty verdicts are consistent in finding that he did not intentionally kill the child. Compare *Dumas v. State*, supra (guilty of both malice murder and vehicular homicide); *Lindsey v. State*, supra (guilty of both voluntary manslaughter and felony murder). The verdict of guilt of involuntary manslaughter is a finding that Carter killed the child, without intending to do so, while committing the misdemeanor of simple battery. The verdict finding him guilty of felony murder indicates that the jury also found that he unintentionally killed Davante while committing the felony of cruelty to children. Thus, the two guilty verdicts dispose of the State's alternative allegations regarding the manner in which Carter unintentionally caused the death of the child. The misdemeanor of simple battery, which the jury found that Carter committed, was a lesser included offense of the felony of cruelty to children, which the jury also found that he committed. There is no inconsistency or ambiguity in the finding that Carter committed the lesser included misdemeanor of simple battery by intentionally causing Davante pain, and the alternative finding that he also committed the greater felony of cruelty to children because the pain that he intentionally caused was cruel or excessive and Davante was a child. A finding of Carter's commission of the greater offense necessarily encompassed a finding of his commission of the lesser included offense, with the cruelty or excessiveness of the pain and the age of Davante being the additional elements making the felony of cruelty to children a greater offense inclusive of the lesser misdemeanor of simple battery. See *Williams v. State*, 206 Ga. App. 305 (425 SE2d 382) (1992). See also *McCartney v. State*, 262 Ga. 156, 160 (5) (414 SE2d 227) (1992); *Hall v. State*, 261 Ga. 778, 782 (7) (b) (415 SE2d 158) (1991). When, pursuant to OCGA § 16-1-7 (a) (1), the misdemeanor of simple battery merged into the felony of cruelty to children, the predicate for Carter's conviction of involuntary manslaughter was eliminated, but the felony remained as a basis for his conviction for the murder of Davante. "[N]o death caused by a felony can possibly fall within either branch of involuntary manslaughter. . . ." *Baker v. State*, 236 Ga. 754, 757 (1) (225

SE2d 269) (1976). Because the remaining felony of cruelty to children, into which the misdemeanor of simple battery had merged, was itself a lesser included offense in the felony murder count, the cruelty to children count merged into the felony murder count. *Zackery v. State*, 257 Ga. 442, 443 (2) (360 SE2d 269) (1987).

Under OCGA § 16-1-7 (a) (1), it is proper to convict and sentence a defendant for that crime which includes all others. Since a misdemeanor can be an included crime in a felony, misdemeanor-manslaughter can be an included crime in felony murder. *Motes v. State*, 192 Ga. App. 302 (1) (384 SE2d 463) (1989), overruled on other grounds, *Smith v. State*, 268 Ga. 196, 200, fn. 5 (486 SE2d 819) (1997). Accordingly, where, as here, the evidence shows that a homicide occurred in the commission of both a felony and an included misdemeanor, there is no inconsistency or ambiguity in verdicts of guilt as to all offenses. Accordingly, it is not error to merge the included misdemeanor into the felony and then to merge the underlying felony into the felony murder count. See *Foster v. State*, 264 Ga. 369 (1) (444 SE2d 296) (1994); *Alexander v. State*, 263 Ga. 474, 479 (4, 5) (435 SE2d 187) (1993). Compare *Thomas v. State*, 183 Ga. App. 819, 822 (3) (360 SE2d 75) (1987) (acquittal of murder and conviction of involuntary manslaughter). Thus, pursuant to OCGA § 16-1-7 (a) (1), the trial court properly entered the judgment of conviction and sentence on the jury's verdict finding Carter guilty of the offense of felony murder.

6. In the motion for new trial, Carter's newly appointed appellate counsel raised a timely challenge to the effectiveness of trial counsel's preparation and trial strategy. However, the testimony given by trial counsel at the hearing on the motion for new trial clearly demonstrated that both his preparation and strategy were sufficient to meet the "reasonably effective" standard. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Roberts v. State*, 267 Ga. 669, 672 (5) (482 SE2d 245) (1997); *McGill v. State*, 263 Ga. 81, 82 (2) (428 SE2d 341) (1993). As it was authorized to do, the trial court found trial counsel's testimony more credible than Carter's. Because the trial court's finding that Carter was afforded effective assistance of trial counsel is not clearly erroneous, that finding must be affirmed. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 4, 1998.

*Virginia W. Tinkler,* for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Maria Murcier-Ashley, Assistant District Attorneys, Thurbert E. Baker,*

*Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.