## A01A2459. FOSTER v. THE STATE.
### (562 SE2d 191)

SMITH, Presiding Judge.

Hamilton Earl Foster was indicted by a Fayette County grand jury on one count of aggravated child molestation upon his two-year-old daughter. A jury convicted him of the lesser included offense of child molestation, and he appeals from the judgment of conviction and sentence, alleging five enumerations of error. Finding no error, we affirm.

1. Foster raises the general grounds. The trial court admitted the victim's statements to the examining physician under OCGA § 24-3-16, the Child Hearsay Statute. In that statement, the victim angrily and explicitly described acts of anal sodomy performed upon her by Foster. At trial, however, the victim was very hesitant in testifying and stated only that her "bad daddy hurt me . . . [w]ith his hands" on "my bottom." The examining physician testified to abnormalities in the victim's anal area consistent with anal penetration or "something having interfered with" the anal area.

Foster also argues that he presented evidence contradicting the testimony of the examining physician. But "[d]etermining the credibility of witnesses and resolving conflicts [go] to the weight of the evidence and [are] for the jury's consideration. This court determines only the legal sufficiency of the evidence." (Citations and punctuation omitted.) *Foster v. State*, 203 Ga. App. 328, 330 (416 SE2d 855) (1992). While the evidence was in conflict regarding the acts committed by Foster, the jury weighed the evidence and testimony and made its determination. The testimony of the victim alone was sufficient to authorize the jury to find Foster guilty of the lesser included offense of child molestation under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In two enumerations of error, Foster contends the trial court erred in charging the jury on the lesser included offense of child molestation.

A trial court is authorized to charge the jury on a lesser included offense so long as the charge is supported by the evidence, and the indictment sufficiently places the defendant on notice of the crimes which he must defend. Child molestation is necessarily a lesser included offense of aggra-

vated child molestation. The difference between child molestation and aggravated child molestation is that aggravated child molestation includes an act of child molestation which injures the child or involves sodomy. OCGA § 16-6-4 (c). The indictment charges [appellant] with aggravated child molestation which includes the elements required to prove the lesser crime of child molestation. The indictment afforded [appellant] sufficient notice of the conduct which he must defend at trial.

(Citations and footnote omitted.) *Brownlow v. State*, 248 Ga. App. 366, 369-370 (3) (a) (544 SE2d 474) (2001). This contention is without merit.

Foster also contends the charge was error because the State did not submit a request to charge "at the commencement of trial" as required by Uniform Superior Court Rule 10.3. But Foster quotes only a portion of that rule; the next clause states: "provided, however, that additional requests may be submitted to cover unanticipated points which arise thereafter." The victim's testimony at trial omitted her earlier accusations of sodomy, and the change appeared to be unanticipated by the State. Moreover,

[a] trial court, sua sponte, may charge a jury on a lesser included offense if the evidence justifies it. The trial court need not inform counsel in advance if it decides to make an unrequested jury charge. Because the trial court has the inherent power to charge the jury on a lesser included crime, so long as the charge is supported by the evidence, it is neither error nor reasonably unexpected for the trial court to charge the jury on a lesser included crime solely because the charge was not requested at the commencement of trial [as required by Rule 10.3].

(Footnotes omitted.) *Gagnon v. State*, 240 Ga. App. 754, 755-756 (1) (525 SE2d 127) (1999).

3. Foster contends the trial court erred in admitting evidence of a similar transaction. He contends evidence of his earlier guilty plea to three counts of child molestation of his older daughter was not sufficiently similar to the offense alleged here. But while Foster objected to the introduction of this evidence during the pretrial hearing conducted pursuant to USCR 31.3 (B), he failed to object to the testimony of the witness at trial and therefore has failed to preserve his objection for review. *Young v. State*, 269 Ga. 478, 479 (3) (499 SE2d 60) (1998); *White v. State*, 225 Ga. App. 74, 75 (2) (483 SE2d 329) (1997). "[T]he rule requiring a trial objection on similar transaction

evidence is firm in Georgia jurisprudence, and we are bound to follow it." (Footnote omitted.) *McClarity v. State*, 234 Ga. App. 348, 350 (2) (506 SE2d 392) (1998) (full concurrence on this issue).

In any event, the similar transaction evidence was admissible under the standard of *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Foster argues that the incidents are dissimilar because his older daughter was 15 years old at the time she reported the molestation to police,[1] and because the details of the alleged acts were different.

> No requirement exists, however, that similar transactions be absolutely identical to the charged crime. The rule allowing similar transaction evidence to be admitted is most liberally applied when the charged crimes are sexual offenses. This Court has held that the sexual molestation of young children or teenagers, regardless of the gender of the victim or the type of act, is sufficiently similar to be admissible as a similar transaction in such cases. [Cit.]

*Perkins v. State*, 224 Ga. App. 63, 66 (3) (479 SE2d 471) (1996).

4. Finally, Foster contends the trial court erred in improperly limiting his voir dire examination of prospective jurors. After voir dire of one jury panel, the trial court prohibited Foster's counsel from inquiring about prospective jurors' prior jury service.

> The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review.

(Citations and punctuation omitted.) *Kirkland v. State*, 206 Ga. App. 27, 28 (4) (424 SE2d 638) (1992). Refusing to allow a defendant to question prospective jurors about prior jury service has been held not to be error. *Wiggins v. State*, 252 Ga. 467 (1) (314 SE2d 212) (1984); *Frazier v. State*, 138 Ga. App. 640, 642-643 (2) (b) (227 SE2d 284) (1976). The trial court did not abuse its discretion in limiting Foster's voir dire examination.

---

[1] The older daughter testified at trial that Foster began fondling her when she was "about five," but this was not part of the State's proffer. We need not reach the issue of whether additional evidence presented at trial may be considered in reviewing the admissibility of a similar transaction, because the proffer as submitted was adequate to support the trial court's ruling.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

Decided February 19, 2002 —
Reconsideration denied March 14, 2002 —

Patricia A. Buttaro, for appellant.
William T. McBroom III, District Attorney, James E. Hardin, Assistant District Attorney, for appellee.