S02A1037. TAYLOR v. THE STATE.
(569 SE2d 520)

CARLEY, Justice.

Robin Taylor fatally shot Jay Basha, who was the manager of the Pizza Hut where she formerly worked. Appellant fled the scene, taking money from the store. The grand jury indicted her for multiple counts stemming from the homicide and robbery. The State originally sought the death penalty, and this Court granted an interim review of several pre-trial rulings. *Taylor v. State*, 274 Ga. 269 (553 SE2d 598) (2001). Thereafter, the State withdrew the notice of intent to seek the death penalty, and Appellant pled guilty to a charge of felony murder while in the commission of aggravated assault and to a separate count of armed robbery. After accepting the pleas, the trial court entered judgments of conviction and imposed two life sentences to run consecutively. Appellant appeals, enumerating error only as to

the sentences.[1]

1. Appellant urges that the trial court erred in sentencing her for armed robbery as well as for felony murder. "[O]nly *one* felony need be merged with the felony murder conviction." (Emphasis in original.) *Thompson v. State*, 263 Ga. 23, 25 (2) (426 SE2d 895) (1993), overruled on other grounds, *McClellan v. State*, 274 Ga. 819, 821 (1) (561 SE2d 82) (2002). Here, aggravated assault was the alleged predicate felony, and only that offense merged into the felony murder as a matter of law.

Appellant contends that, because aggravated assault was an included crime in the armed robbery as a matter of fact, no independent evidentiary basis remained for imposition of a separate conviction and sentence for armed robbery once the aggravated assault merged into the felony murder. She argues that the evidence common to both the aggravated assault and the armed robbery was "used up" in proving the felony murder, leaving insufficient evidence to support a conviction and sentence for the robbery. However,

> [j]ust as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes.

*United States v. Broce*, 488 U. S. 563, 570 (II) (A) (109 SC 757, 102 LE2d 927) (1989). "[A]ggravated assault is not a lesser included offense of armed robbery as a matter of law, and the two offenses rarely merge as a matter of fact. [Cits.]" *Lowery v. State*, 209 Ga. App. 5, 8 (4) (432 SE2d 576) (1993). Here, the indictment alleged that Appellant committed aggravated assault by "shooting [the victim] with a gun," whereas it alleged that she committed the armed robbery "by use of a gun." Thus, the aggravated assault charge was based upon an actual firing of the weapon, but the armed robbery charge was not. That count was based only upon her use of the weapon to commit the robbery. This distinction between using and firing the gun was consistent with Appellant's own version of the events, in which she admitted that she merely pointed the gun at Mr. Basha and demanded the money, and that she shot him in the back only after he turned in an apparent attempt to comply with her

---

[1] The crimes were committed on December 28, 1998. The grand jury indicted Appellant on October 26, 1999. She pled guilty to the two counts on January 11, 2002 and, on that same day, the trial court entered judgments of conviction and imposed the sentences. Appellant filed a notice of appeal on February 7, 2002. The case was docketed in this Court on March 28, 2002. The appeal was submitted for decision on May 20, 2002.

demand. Under these circumstances, the subsequent firing of the weapon was a separate act of violence from the initial pointing of the weapon at the victim. See *Smith v. State*, 258 Ga. 181, 183 (4) (366 SE2d 763) (1988). Compare *Lowery v. State*, supra at 7 (4). Thus, the aggravated assault was not included in the armed robbery as a matter of fact, and the evidence fully authorized a separate conviction and sentence for the latter offense.

2. Appellant urges that the trial court erred in imposing two consecutive life sentences, because she offered compelling evidence of mitigation. Each conviction authorized a life sentence. OCGA §§ 16-5-1 (d), 16-8-41 (b). "It is within the trial court's discretion to sentence consecutively. [Cits.]" *Hambrick v. State*, 256 Ga. 148, 149 (3) (344 SE2d 639) (1986). See also *Duckworth v. State*, 246 Ga. 631, 633 (2) (272 SE2d 332) (1980). Thus, there was no error.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Harrison & Harrison, Stephen P. Harrison*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.