## S04A0072. DIXON v. THE STATE.
(596 SE2d 147)

FLETCHER, Chief Justice.

A Floyd County jury convicted Marcus Dwayne Dixon of misdemeanor statutory rape and aggravated child molestation, but acquitted him of rape, false imprisonment, aggravated assault, and sexual battery.[1] Dixon appeals only his conviction for aggravated child molestation. Because we find that the General Assembly intended to punish Dixon's conduct as misdemeanor statutory rape rather than child molestation, we reverse Dixon's conviction for aggravated child molestation.

The State alleged that on February 10, 2003, Dixon forcibly raped the victim after school in a trailer on the campus of Pepperell High School. At the time, the victim was 15 years old, in 10th grade, and less than three years younger than Dixon, who was 18 years old and in 12th grade. The defense claimed that the sexual intercourse was consensual and that the victim fabricated the rape story to avoid trouble with her father. The victim sustained slight vaginal injuries, and there was also evidence of bruising on the victim's arms.

Although the jury acquitted Dixon of rape, this means only that the State failed to prove the element of force beyond a reasonable doubt, and not that the activity was wholly consensual.

1. The statutory rape and child molestation statutes are part of a legislative framework aimed at protecting children from sexual exploitation and abuse. As part of a coordinated scheme, relating to the same subject matter, these statutes must be construed together to determine how the legislature intended to treat the conduct that occurred in this case.[2]

---

[1] The crimes were committed on February 10, 2003. On March 14, 2003, a grand jury indicted Dixon for rape, statutory rape, aggravated assault, false imprisonment, sexual battery, and aggravated child molestation. On May 15, 2003, the jury convicted Dixon of statutory rape and aggravated child molestation, but acquitted him of all remaining charges. On May 23, 2003, Dixon received the mandatory minimum sentence for aggravated child molestation of fifteen years, serve ten. Dixon appeals, invoking the jurisdiction of this Court by challenging the constitutionality of the aggravated child molestation statute, OCGA § 16-6-4. The case was docketed in this Court on September 16, 2003, and oral argument was heard on January 24, 2004.

[2] See, e.g., *Lucas v. Smith*, 201 Ga. 834, 837 (41 SE2d 527) (1947) ("our system of law is not to be construed by single Code sections or single provisions of the law; the entire system must be construed as a whole to determine the intent and purpose of the laws as applied to each particular case or state of facts."); *Mathis v. Cannon*, 276 Ga. 16, 26 (573 SE2d 376) (2002) ("It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject matter, briefly called statutes in pari materia, are construed together"), quoting *Butterworth v. Butterworth*, 227 Ga. 301, 303-304 (180 SE2d 549) (1971) (punctuation omitted).

Under OCGA § 16-6-3 (a), a person commits the offense of felony statutory rape "when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse." The offense is classified as a misdemeanor, however, if "the victim is 14 or 15 years of age and the person so convicted is no more than three years older than the victim."[3] Felony child molestation, under OCGA § 16-6-4 (a), is committed when a person "does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." A person is guilty of aggravated child molestation, under OCGA § 16-6-4 (c), if that person "commits an offense of child molestation which act physically injures the child or involves the act of sodomy."

Reading these statutes together shows a clear legislative intent to prosecute the conduct that the jury determined to have occurred in this case as misdemeanor statutory rape. A number of sound legal arguments support this position. First, in 1996 the legislature amended OCGA § 16-6-3 specifically to eliminate any discretion over whether to punish conduct meeting the misdemeanor statutory rape criteria as either felony or misdemeanor statutory rape. It would defeat the legislature's intent in doing so if the State retained the discretion to prosecute the same conduct as either misdemeanor statutory rape or felony child molestation. Second, where two statutes overlap, the statute addressing the narrower range of conduct will usually trump the more general statute, and the misdemeanor statutory rape provision is far more specific than the child molestation statute. Third, the misdemeanor statutory rape statute reflects the most recent legislative judgment regarding the appropriate punishment for Dixon's conduct. Finally, given the conflict between the two statutes, Dixon is entitled to receive only the lesser of the two possible punishments.

(a) The legislature amended the statutory rape laws in 1995, and again in 1996, in order to "provide for different penalties depending on the age of the perpetrator."[4] In 1995, the legislature added the misdemeanor statutory rape provision, OCGA § 16-6-3 (b), authorizing the trial court, in its discretion, to punish conduct that would otherwise qualify as felony statutory rape as a misdemeanor if the victim was 14 or 15 years of age and the perpetrator was no more than three years older than the victim.[5] In 1996, however, the legislature removed the discretionary nature of the misdemeanor statutory rape

---

[3] OCGA § 16-6-3 (b).
[4] 1996 Ga. Laws 871.
[5] 1995 Ga. Laws 957, 958, § 3.

provision, so that conduct meeting the criteria of the misdemeanor statute could only be punished as a misdemeanor.[6]

It would be entirely incongruous with the intent of the legislature, when it eliminated the discretionary aspect of the statute and mandated that conduct meeting the misdemeanor statutory rape criteria be punished only as a misdemeanor, if the State retained the discretion to prosecute the exact same conduct as either misdemeanor statutory rape or felony child molestation. Instead, when the legislature removed the discretionary aspect of the misdemeanor statutory rape provision, it intended the misdemeanor provision to have exclusive application to conduct falling within its parameters.[7] If the conduct at issue in this case also qualifies as child molestation, then the misdemeanor statutory rape provision would have no exclusive application, because any instance of sex between teenagers would also constitute child molestation.[8] That result would completely undermine the legislature's intent to remove any discretion over whether to punish sexual intercourse between teenagers, other than forcible rape, as a misdemeanor or a felony.

(b) In addition, by enacting the non-discretionary misdemeanor statutory rape provision, the legislature spoke very directly towards specific conduct involving actors within a very narrow age range. As this Court stated in *Vines v. State*, "[f]or purposes of statutory interpretation, a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent."[9] This is a well-regarded principle of statutory construction in Georgia.[10] The misdemeanor statutory rape provision, with its three-year age range, is far more specific and narrow than either the felony statutory rape statute or the felony child molestation statute, and evidences a clear intent by the legislature to treat that very narrow conduct as a misdemeanor. The legislature enacted a very specific statute and deemed conduct falling within that statute to constitute a misdemeanor, and it would undermine the intent of that statute if the exact

---

[6] 1996 Ga. Laws 1115, 1117, § 3.

[7] See, e.g., *State v. Collins*, 270 Ga. 42, 46 (508 SE2d 390) (1998) (Hines, J., concurring) ("It would be anomalous and a circumvention of express legislative intent to allow the State to obtain conviction and the consequent ten-year punishment for forcible rape [or aggravated child molestation] for the conduct of sexual intercourse between teenagers when the legislature has determined that conduct to be misdemeanor in nature.").

[8] *State v. English*, 276 Ga. 343, 348 (578 SE2d 413) (2003) (courts must "construe the statute to give sensible and intelligent effect to all of its provisions and to refrain from any interpretation which renders any part of the statute meaningless.").

[9] 269 Ga. 438, 440 (499 SE2d 630) (1998).

[10] See, e.g., *Gee v. State*, 225 Ga. 669, 676 (171 SE2d 291) (1969) (" '[w]here a crime is penalized by a special law, the general provisions of the penal code are not applicable' "); *Mann v. State*, 273 Ga. 366, 368 (541 SE2d 645) (2001) (same).

same conduct could also be punished as felony child molestation.

(c) Further, the misdemeanor statutory rape provision, adopted in 1996, is the most recent legislative judgment regarding the appropriate punishment for Dixon's conduct. This Court has held that "[t]he rule for construing statutes which may be in conflict is that the most recent legislative expression prevails."[11] Since the legislature most recently declared that sex between teenagers less than three years apart should be punished as misdemeanor statutory rape, and not felony child molestation, that judgment must prevail.

(d) Finally, due to the conflicting nature of the two statutes with respect to their prescribed punishments, the rule of lenity requires that Dixon only be sentenced for the misdemeanor. As this Court has explained, " '[w]here any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered.' "[12] The rule derives from the "instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should."[13] Here, the same conduct would result in the imposition of dramatically different penalties under the two statutes. The rule of lenity is particularly applicable where the two crimes at issue involve different grades of punishment, i.e., a misdemeanor and a felony.[14]

2. The State argues that the "aggravated" nature of this act renders it a different crime altogether from child molestation, so that the statutory construction arguments have no merit.[15] The State ignores, however, that simple child molestation is a necessary element of aggravated child molestation, so that the State cannot reach aggravated child molestation without first proving that Dixon is guilty of simple child molestation.[16] As discussed above, however,

---

[11] *Jenkins v. State*, 265 Ga. 539, 540 (458 SE2d 477) (1995).

[12] *Brown v. State*, 276 Ga. 606, 608-609 (581 SE2d 35) (2003); see also *Chandler v. State*, 257 Ga. 775, 776 (364 SE2d 273) (1988).

[13] *United States v. R. L. C.*, 503 U. S. 291, 305 (112 SC 1329, 117 LE2d 559) (1992).

[14] See *McClellan v. State*, 274 Ga. 819 (561 SE2d 82) (2002) ("a penal statute providing two possible grades of punishment . . . for the same offense . . . is uncertain and the defendant is entitled to the lesser of the two penalties . . ."); *Brown*, 276 Ga. at 609 (where "the same conduct constitute[s] both a felony and a misdemeanor, the rule of lenity requires that [the defendant] be subjected to the penalt[y] for the misdemeanor, rather than the felony").

[15] According to existing case law, all that is required to meet the "injury" requirement is that the victim experienced pain during the crime. See *Baker v. State*, 228 Ga. App. 32, 33 (491 SE2d 78) (1997) ("evidence that the molestation 'hurt' was sufficient to prove physical injury," even without corroborating medical evidence). The State in this case introduced evidence that the victim did experience pain during the sexual intercourse, and that she suffered certain other minor injuries incidental to the sexual act.

[16] See OCGA § 16-6-4 (c) (aggravated child molestation occurs "when [a] person commits the offense of child molestation which act physically injures the child . . ."); *Foster v. State*, 254 Ga. App. 255 (562 SE2d 191) (2002) ("[c]hild molestation is necessarily a lesser included offense of aggravated child molestation.").

elementary rules of statutory construction show that the legislature intended for Dixon's conduct to be prosecuted as misdemeanor statutory rape rather than felony child molestation, whether simple or aggravated.

3. We encourage the legislature to examine this case and make a more recognizable distinction between statutory rape, child molestation, and the other sexual crimes, and to clarify the sort of conduct that will qualify for the ten-year minimum sentence accompanying a conviction for aggravated child molestation. The conflicting nature of the statutory scheme relating to sexual conduct, especially with respect to teenagers, may lead to inconsistent results. Under the statutes as they are now written, it is entirely possible that teenagers could be convicted of aggravated child molestation, and receive the concomitant ten-year minimum sentence, if they willingly engage in sexual activity, but stop short of the actual act of sexual intercourse, so long as one experienced slight pain or received even minor injuries incidental to the act.

4. In light of the determination that the legislature intended conduct qualifying as misdemeanor statutory rape not to be charged as felony child molestation, we need not address Dixon's contention that his sentence is unconstitutionally cruel and unusual,[17] nor any other remaining arguments.

Dixon's conviction for aggravated child molestation is hereby reversed.

*Judgment reversed. All the Justices concur, except Carley, Thompson and Hines, JJ., who dissent.*

HUNSTEIN, Justice, concurring.

I agree with the majority that in light of the interplay between OCGA § 16-6-3 (the statutory rape statute) and OCGA § 16-6-4 (the child molestation/aggravated child molestation statute), it is clear that the Legislature did not intend to impose felony punishment upon consensual sexual intercourse between teenagers within the three-year age range. It is likewise clear that the Legislature did intend to impose felony punishment upon sexual predators regardless of the age of the offender, so as to include teenage sexual predators within its ambit. I concur with the majority's analysis that reveals the conflict created here by these statutes. As the majority correctly notes, the law is well-established that any such conflict must be construed in favor of a criminal defendant. Thus, the defendant's conviction for aggravated child molestation in this case cannot stand.

---

[17] *Cross v. State*, 225 Ga. 760, 763 (171 SE2d 507) (1969) (" 'It has long been the rule that courts will abstain from ruling upon the constitutionality of an act of the General Assembly where there is any other basis upon which to render a valid judgment.' ").

This result is not based in any manner upon the acquittal of the defendant on the rape and sexual battery charges. As the majority unequivocally states, that acquittal represents only the fact that the State failed to carry its burden of proving beyond a reasonable doubt that the sexual intercourse was against the will of the victim. It did *not* establish that the sexual intercourse alleged by the victim was consensual. That is not a conclusion that can legally be drawn from the jury's verdict in this criminal case.

Accordingly, I concur fully in the majority opinion reversing the defendant's felony conviction because this Court must follow the statutory interpretation that favors the criminal defendant. I write to join the majority's exhortation to the Legislature urging it in the strongest possible terms to clarify this area of the law so that misdemeanor punishment is accorded teenagers within the intended age range who engage in consensual sexual activity and felony punishment is accorded only to those teenage sexual predators who prey upon other children.

CARLEY, Justice, dissenting.

I agree completely with all that is said in the well-reasoned and compelling dissent of Justice Hines. As he concludes, the majority "has clouded the law and chosen to construct a result different from that mandated by the duly enacted statutes, and from the jury's verdicts." Dissent of Justice Hines, p. 16. I write separately only to express some additional observations as to why Justice Hines' analysis is clearly correct and why the judgment of conviction and sentence should be affirmed.

After reading the majority opinion, one is left with the impression that Dixon is the only real victim in this case, and that the true culprit is the "conflicting nature of the statutory scheme relating to sexual conduct, especially with respect to teenagers. . . ." Majority opinion, p. 8. To the contrary, however, the statutory scheme is clear and unambiguous. The charges against Dixon are not conflicting, but relate to his criminal acts which are overlapping, rather than identical. Statutory rape involves only his sexual conduct, whereas aggravated child molestation involves his conduct that is both sexual and injurious to the victim.

The majority concedes, as it must, that Dixon's acquittal on the forcible rape charge does not prove that the sexual act that he is charged with committing was wholly consensual. It also recognizes that, as a result of the sexual encounter, the 15-year-old girl suffered vaginal injuries and bruising. Nevertheless, the majority summarily dismisses her injuries as "slight," thereby eliminating the girl's status as the victim of aggravated child molestation. Majority opinion, p. 4. However, the General Assembly has not quantified the

extent of the physical injury to the victim which elevates the offense of child molestation to that of an aggravated nature. Instead, the legislative intent is clear that perpetrating an act of child molestation which injures the child to any degree constitutes aggravated child molestation.

In her separate concurrence, Justice Hunstein acknowledges that the General Assembly "did intend to impose felony punishment upon sexual predators regardless of the age of the offender, so as to include teenage sexual predators within its ambit." Concurrence of Justice Hunstein, p. 8. I not only completely agree with that statement, but I also firmly believe that this case clearly falls within the "ambit" contemplated by that cogent observation. Here, the 15-year-old victim testified that Dixon engaged in an act of non-consensual sexual intercourse with her and that she was injured by that conduct. The jury also heard from two other young girls, one of whom testified that Dixon exposed himself to her, whereas the other recounted that he placed his hands inside her underwear and touched her genital area. The trial court admitted this evidence of Dixon's commission of other similar acts for the limited purpose of illustrating his intent, motive or bent of mind in engaging in the act of intercourse with the 15 year old. I submit that, having heard all of the relevant and probative evidence, the jury was authorized to find that Dixon was a "teenage sexual predator[ ] who prey[s] upon other children." Concurrence of Justice Hunstein, p. 9. However, whether the jury did or did not so find is not material to our appellate review. We must affirm the judgment entered on the jury's verdict finding Dixon guilty of aggravated child molestation if the evidence was sufficient to establish that Dixon molested the victim and that she was injured thereby. The evidence was clearly sufficient to support that finding.

The majority appears to have lost sight of the fact that the young female upon whom Dixon committed an "immoral or indecent act" which physically injured her is the actual victim in this case. He was prosecuted only because she chose to press charges and to testify against him at trial. Whether she was a willing partner and whether she suffered physical injury as a result of Dixon's act were credibility issues for the trier of fact. Having heard from her and from the other witness for the prosecution and the defense, the jury found that Dixon committed the alleged act of child molestation and that she was injured as a result of his conduct. If the jury had not believed her, then it would have convicted him only of statutory rape. Since we have juries to determine the credibility of young girls who claim to be victims of aggravated child molestation, I cannot subscribe to the majority's wholesale rejection of the applicability of that crime to teenage males whose sexual acts result in the infliction of only "slight" injuries.

This is especially true considering the General Assembly's response to this precise issue. The majority declares that "the misdemeanor statutory rape provision, adopted in 1996, is the most recent legislative judgment regarding the appropriate punishment for Dixon's conduct." Majority opinion, p. 7. To the contrary, however, the General Assembly has more recently expressed its clear and unequivocal intent that persons who commit a serious violent felony, which includes aggravated child molestation, "shall be sentenced to a mandatory term of imprisonment of not less than ten years and shall not be eligible for first offender treatment." Ga. L. 1998, pp. 180, 181, § 1 (3). This legislative pronouncement was made for the express purpose of repudiating the decision in *State v. Allmond,* 225 Ga. App. 509 (484 SE2d 306) (1997), wherein the Court of Appeals held that first offender status was available to perpetrators of violent felonies. I believe that today's opinion constitutes an even greater deviation than *Allmond* from the clear intent of the General Assembly. This is so because the majority does not simply allow a teenage boy the opportunity to receive a more lenient sentence for his commission of an act of aggravated child molestation. It also grants him complete immunity from conviction for that crime so long as the victim is a young female who, despite having been subjected to his act of non-consensual intercourse, sustains only "slight" injuries.

The rule of lenity likewise simply does not apply in this case, since a greater sentence is clearly authorized when the crime involves an injury to the victim. Under the majority's interpretation of that rule, however, the harm done to the victim is irrelevant to the defendant's criminal liability. That construction is antithetical to the framework of Georgia's criminal law. To give but one of many possible examples, if Dixon can injure a 15-year-old girl by engaging in non-consensual intercourse with her and, under the rule of lenity, evade prosecution for aggravated child molestation, then one whose reckless driving kills another cannot be found guilty of the felony of vehicular homicide, because the rule of lenity limits his culpability to misdemeanor punishment under OCGA § 40-6-390 (b).

According to the majority, the "elementary rules of statutory construction show that the legislature intended for Dixon's conduct to be prosecuted as misdemeanor statutory rape rather than felony child molestation, whether simple or aggravated." Majority opinion, p. 8. I submit that the General Assembly does not have such disregard for the welfare of this state's children as to permit a teenage sexual predator who injures a young female during an act of non-consensual intercourse to escape punishment for the felony of aggravated child molestation. In my opinion, the explanation for today's opinion is not a statutory conflict attributable to the General Assembly, but the majority's own subjective belief that the girl was a willing

partner in the sexual act, rather than a victim who was injured by Dixon's sexual aggression. However, the credibility of the child was a matter for the jurors who heard her testimony, and is not to be decided by this or any appellate court. The jury believed her and found that Dixon committed an act constituting aggravated child molestation. The evidence supports that finding and, despite the majority's efforts to place the blame on the General Assembly, there is no legal justification whatsoever for reversing the conviction and sentence.

I am authorized to state that Justice Thompson joins in this dissent.

HINES, Justice, dissenting.

Because the majority errs in several ways, I respectfully dissent. It assumes that it can intuitively discover "the conduct that the jury determined to have occurred in this case," majority op., p. 5; it ignores the clear legislative framework in which the General Assembly defines the separate and distinct crimes of statutory rape and aggravated child molestation; and it confuses the relationships regarding merger of crimes and lesser included offenses.

This Court cannot determine what the jury concluded about the facts of this case. It can only determine whether there was sufficient evidence for the jury to find that Dixon's conduct constituted the crimes of statutory rape and aggravated child molestation, see *Hines v. State*, 276 Ga. 491, 492 (2) (578 SE2d 868) (2003), and there was. Verdicts of acquittal on any of the other counts in the indictment do not necessarily show that the State failed to prove those charges, but "may reflect a compromise or lenity by the jury." Id.

The majority approaches this case as though the crimes of statutory rape and aggravated child molestation are one and the same. But they are not. The General Assembly has defined aggravated child molestation as follows:

(a) A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

. . .

(c) A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which act physically injures the child or involves an act of sodomy.

OCGA § 16-6-4. Statutory rape is defined by the General Assembly as follows:

A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim.

OCGA § 16-6-3 (a). Contrary to the majority's assertion, the punishment provisions of OCGA § 16-6-3 (b)[18] are not part of the definition of this crime.

Thus, for an act to be considered statutory rape, the State must prove only that the defendant engaged in sexual intercourse with a person under the age of 16, outside of marriage. The age of the perpetrator is irrelevant to the commission of the crime; it is relevant only as to punishment.[19] By contrast, for the crime of aggravated child molestation to be committed, sexual intercourse need not occur, although it may. But that is not the end of the analysis. To prove this crime, the State must establish not only that the victim was under the age of 16, but that the act involved was indecent or immoral, that arousal or satisfaction of the sexual desires of the defendant or the child was the intent of the act, and that, as alleged in this case, the child was physically injured by the act;[20] none of these elements must be proved to establish the crime of statutory rape. To say that the General Assembly intended that statutory rape and aggravated child molestation are to be governed by OCGA § 16-6-3 alone ignores the plain language used by the General Assembly in advancing two separate and distinct statutory expressions of these two crimes, which have different elements.[21] Contrary to the majority's characterization, majority op., p. 5, there is no "conflict" between the statutes governing statutory rape and aggravated child molestation;

---

[18] OCGA § 16-6-3 (b) reads:
    A person convicted of the offense of statutory rape shall be punished by imprisonment for not less than one nor more than 20 years; provided, however, that if the person so convicted is 21 years of age or older, such person shall be punished by imprisonment for not less than ten nor more than 20 years; provided, further, that if the victim is 14 or 15 years of age and the person so convicted is no more than three years older than the victim, such person shall be guilty of a misdemeanor.

[19] No question is presented here of the minimum age for a person to be held criminally responsible for an act. See OCGA § 16-3-1.

[20] There was no allegation of sodomy in the indictment. See OCGA § 16-6-4 (c).

[21] Similarly, forcible rape and aggravated child molestation are separate and distinct crimes, with different elements. Thus, the majority's citation of, and insertion of language into, the concurrence in *State v. Collins*, 270 Ga. 42, 46 (508 SE2d 390) (1998), is inappropriate and a misuse of the text of that concurrence; there is no connection between the legislative framework concerning the crimes of rape and statutory rape, and the legislative definition of aggravated child molestation. And the concurrence cited by the majority does not suggest any such connection.

clearly, when, as here, the sexual act involves injury to the victim, the General Assembly intended that the aggravated child molestation statute apply.

Nor is there any legislative history supporting the majority's analysis. The 1995 amendment, referred to by the majority, is part of the "Child Protection Act of 1995." Ga. L. 1995, p. 957 et seq. As part of that Act, and at the same time the General Assembly was providing for misdemeanor punishment in certain statutory rape cases, it raised the age of a "child" for purposes of child molestation offenses from 14 to 16. See Ga. L. 1995, pp. 957-958, §§ 3, 4. The preamble to the Act states that its purpose is to increase the minimum punishment for aggravated child molestation, and to "increase the penalties for sexual exploitation of children." Clearly, had the General Assembly wished to embrace the measure of punishment set forth in the majority opinion, it would have done so. But it did not; it continued statutory rape and aggravated child molestation as separate crimes, and did not reduce the punishment for aggravated child molestation based upon the ages of the victim and perpetrator. In 1996, the General Assembly made no change regarding the felony crime of aggravated child molestation, and the only change it made that was relevant to the crime of statutory rape did not affect the definition of that crime; it dealt only with punishment. See Ga. L. 1996, p. 1117, § 4. That the General Assembly removed a measure of the trial court's sentencing discretion did not alter the nature of the acts prohibited. There is nothing in either the 1995 or 1996 enactments that supports the conclusion that the General Assembly intended that aggravated child molestation and statutory rape be considered one crime.

The proper analysis is that, in this case, statutory rape is, *as a matter of fact*, a lesser included offense of aggravated child molestation. When one offense is "established by the same but less than all of the facts required to establish" another offense, the first merges into the second as a matter of fact. *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992). See OCGA § 16-1-6. That is what occurred in this case. Evidence of the victim's age, her marital status, and Dixon's sexual intercourse with her completely established the crime of statutory rape. It is the additional elements: the indecent or immoral nature of the intercourse; the intent to sexually arouse or satisfy; and the injury to the victim, that established the greater crime of aggravated child molestation. Because proving the statutory rape did not "use up" all the evidence necessary to prove the aggravated child molestation, the crimes are not identical and did not merge. See *Taylor v. State*, 275 Ga. 461, 462 (1) (569 SE2d 520) (2002).

The majority does not specifically address the relationships between merger of crimes and lesser included offenses because it

cannot, for to do so requires a result different from that reached by it. But because of these concepts, the State can charge Dixon with a variety of offenses, all with differing elements, and all based on the same essential facts, and allow the jury to determine what, if any, crimes were proved at trial. That is what occurred. The injustice that must be avoided is *sentencing* Dixon for violating both statutes when the evidence needed to prove one crime is "used up" in proof of the other. See *Taylor*, supra; *State v. Tiraboschi*, 269 Ga. 812, 813-814 (504 SE2d 689) (1998). And that injustice was properly avoided in this case; the trial court sentenced Dixon only for the greater crime of aggravated child molestation, not for the lesser included crime of statutory rape. Since Dixon's conduct may have established the commission of more than one crime, the State is not limited to putting him on trial for a single violation; the adjustment is made at the time of sentencing. *Tiraboschi*, supra.

As previously stated, the majority opinion does not address merger and lesser included offenses directly, but it does attempt to distance itself from their operation in Division 2, majority op., p. 7. There, the majority recognizes that "simple" child molestation is a "necessary element" of aggravated child molestation, and thus a lesser included crime of that greater offense. See *Carter v. State*, 269 Ga. 420, 423 (5) (499 SE2d 63) (1998). And while the majority reaches to equate statutory rape and "simple" child molestation, it ignores the necessary conclusion that, if these two crimes are one and the same, then the crime of statutory rape is a lesser included offense of aggravated child molestation, because it is aggravated child molestation that has additional elements, including harm to the victim.

The majority summarily dismisses the harm proved to have been suffered by the teenaged victim as "slight vaginal injuries." In fact, the evidence showed these "slight vaginal injuries" to be a tearing of the hymen and the bruising of the vaginal orifice. But despite mischaracterizing these injuries, the majority's analysis does not depend upon their "slight" nature to relieve Dixon from punishment for his conviction of aggravated child molestation. Rather, the majority declares the injuries, which make the act of child molestation aggravated, to be irrelevant. The majority states that before the crime of child molestation can be considered aggravated, the defendant's act must first satisfy the statutory definition of child molestation, but the majority has declared that Dixon's act will only be considered to be statutory rape. Thus, regardless of whether the victim suffers the most horrific injuries, or only "slight" injuries, the majority has decided that if the defendant's act can also be described as statutory rape, that is the only crime for which he may be convicted

and punished. Had the majority properly recognized the issues of factual merger and lesser included offenses, this circumstance would not arise.

As the crimes of statutory rape and aggravated child molestation are not shown by the exact same facts in this case, the rule of lenity has no application. The majority cites *Brown v. State*, 276 Ga. 606, 608-609 (1) (b) (581 SE2d 35) (2003), in support of its application of the rule, but in doing so it does not discern the facts of that case, and therefore the circumstances whereby application of the rule is appropriate. In *Brown*, the evidence used to establish one crime was, *without more*, the same evidence used to establish the second crime. Thus, there was a complete factual merger of the two offenses. However, when, as here, the evidence needed to prove each crime differs, the crimes are separate and distinct, and the concept of lesser included offenses governs, not the rule of lenity.

The majority "encourages" the General Assembly to distinguish between statutory rape and aggravated child molestation, and to clarify what conduct is to be punished as aggravated child molestation. But the General Assembly has already done so. It is the majority which has clouded the law and chosen to construct a result different from that mandated by the duly enacted statutes, and from the jury's verdicts.

I am authorized to state that Justice Carley and Justice Thompson join in this dissent.

DECIDED MAY 3, 2004 —
RECONSIDERATION DENIED JUNE 4, 2004.

*Fred R. Simpson, McKenna, Long & Aldridge, David Balser, James D. Dantzler, Jr., James A. Washburn, Thomas B. Bosch*, for appellant.

*Leigh E. Patterson, District Attorney, John F. McClellan, Jr., Assistant District Attorney*, for appellee.

*Brenda J. Bernstein, Nicholas A. Lotito, Covington & Burling, Michael E. Paulhus, William D. Iverson, Claire G. Kunstling*, amici curiae.