**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 16, 2016**

# In the Court of Appeals of Georgia

A15A2292. MATHIS v. THE STATE.

BRANCH, Judge.

After Cecil Wade Mathis, Jr., pled guilty in Washington County Superior Court to two counts of violating OCGA § 16-3-30 (a), the trial court imposed a recidivist sentence pursuant to OCGA § 17-10-7 (c). Mathis now appeals pro se from the trial court's denial of his motion to vacate or modify his sentence, arguing that the trial court erred in sentencing him as a recidivist. In support of this claim, Mathis relies on OCGA § 17-10-7 (b.1), which makes the recidivist sentencing statute inapplicable to cases involving certain drug offenses, including violations of OCGA § 16-13-30 (a). We agree that the trial court erred in sentencing Mathis, and we therefore reverse the trial court's order and remand the case for further proceedings consistent with this opinion.

"Because this appeal involves a question of law, we review both the record and the decision of the court below de novo." *Johnson v. Allied Recycling*, 323 Ga. App. 427 (746 SE2d 728) (2013) (citation and punctuation omitted). The facts are undisputed and show that during a traffic stop in October 2013, police discovered methamphetamine and the prescription drug Vyvanse in Mathis's car. Police arrested Mathis, who was subsequently indicted on a number of charges, including two counts of possession of a controlled substance, in violation of OCGA § 16-13-30 (a). Following Mathis's indictment, the State filed notice of its intent to seek recidivist sentencing. The prior felonies set forth in the notice included a 1987 conviction for the sale of marijuana,[1] a 1994 conviction for the manufacture of marijuana,[2] and a 1994 conviction for criminal intent to commit an escape. Before trial, Mathis entered a negotiated guilty plea, pursuant to which he pled guilty to both counts of violating OCGA § 16-13-30 (a) and to two traffic violations.[3] At the plea hearing, the State recommended that Mathis be sentenced as a recidivist under OCGA § 17-10-7 (c)

[1] A violation of OCGA § 16-13-30 (j) (1).

[2] Also a violation of OCGA § 16-13-30 (j) (1).

[3] The two traffic violations were failure to maintain lane and having an open container of alcohol in his car.

based upon the three earlier felony convictions of which the State had given notice.

OCGA § 17-10-7 (c), in turn, provides that:

> Except as otherwise provided in subsection (b) or (b.1) of this Code section . . . any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

The trial court accepted the State's sentencing recommendation and on February 28, 2014, it sentenced Mathis to three years on each of the possession counts with the sentences to run consecutively. Approximately six months later, Mathis filed a pro se motion to modify his sentence, to which he attached a copy of OCGA § 17-10-7 (b.1).[4] That code section, which became effective on July 1, 2013, provides in relevant part that the recidivist sentencing provision found in OCGA § 17-10-7 (c) is inapplicable to certain offenses involving the simple possession of

---

[4] Mathis's motion was timely because a trial court "retains jurisdiction to correct a void sentence at any time." *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010) (citation and punctuation omitted). And "[a] sentence is void if the court imposes punishment that the law does not allow." Id. (citation and punctuation omitted).

controlled and counterfeit substances or the possession, manufacture, sale, delivery, or distribution of marijuana. Specifically, OCGA § 17-10-7 (b.1) provides that recidivist sentencing "shall not apply to a second or any subsequent conviction for any violation of subsection (a)[5], paragraph (1) of subsection (i)[6], or subsection (j)[7] of Code Section 16-13-30." Mathis argued that because two of the prior felony convictions relied on by the State in seeking recidivist sentencing were for violations of OCGA § 16-13-30 (j), those convictions could not be used to sentence him as a recidivist for violations of OCGA § 16-13-30 (a).

The trial court denied Mathis's motion, finding that OCGA § 17-10-7 (b.1) bars recidivist sentencing for simple possession and marijuana-related offenses only where a defendant is convicted two or more times of violating the exact same subsection of OCGA § 16-13-30. In other words, the trial court read the sentencing statute as

---

[5] OCGA § 16-13-30 (a) makes it illegal "for any person to purchase, possess, or have under his or her control any controlled substance."

[6] OCGA § 16-13-30 (i) (1) makes it illegal "for any person to possess or have under his or her control a counterfeit substance."

[7] OCGA § 16-13-30 (j) (1) makes it illegal "for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana," while OCGA § 16-13-30 (j) (2) provides that any of the offenses specified in subsection (j) (1) constitutes a felony.

4

meaning that recidivist sentencing could not apply to a second or subsequent conviction for violating OCGA § 16-13-30 (a); or to a second or subsequent conviction for violating OCGA § 16-13-30 (i) (1); or to a second or subsequent conviction for violating OCGA § 16-13-30 (j). Thus, the court concluded that because Mathis had never been convicted previously of violating OCGA § 16-13-30 (a), OCGA § 17-10-7 (b.1) permitted the court to use Mathis's prior convictions under OCGA § 16-13-30 (j) to sentence him as a recidivist for his first two violations of that code section.

On appeal, Mathis argues that the trial court misinterpreted OCGA § 17-10-7 (b.1) because it failed to give effect to that part of the statute which provides that recidivist sentencing "shall not apply to a second or any subsequent conviction for *any* violation of" subsections (a) (i) (1), *or* (j) of OCGA § 16-13-30. (Emphasis supplied.) And when read in its entirety, Mathis contends, OCGA § 17-10-7 (b.1) means that a defendant who has been convicted previously of violating *either* subsection (a) *or* subsection (i) (1) *or* subsection (j) of OCGA § 16-13-30 may not be sentenced as a recidivist for a second or any subsequent conviction for violating *any* of those code sections – even if the defendant had never been convicted previously of violating the exact subsection for which he is being sentenced. We agree.

5

In determining the meaning of OCGA § 17-10-7 (b.1), we bear in mind that "[t]he cardinal rule" of statutory construction "is to ascertain the legislative intent and purpose in enacting the law, and then to give it that construction which will effectuate the legislative intent and purpose." *RadioShack Corp. v. Cascade Crossing II*, 282 Ga. 841, 843 (653 SE2d 680) (2007) (citation and punctuation omitted). See also OCGA § 1-3-1 (a) ("[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy"). With respect to the legislature's intent,

> we presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

*Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013) (citations, punctuation and footnote omitted). Additionally, we must "'construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statutes meaningless.'" *McNair v. State*, 326 Ga. App. 516, 519 (757 SE2d 141) (2014), quoting *R. D. Brown Contractors v.*

6

*Board of Ed. of Columbia County*, 280 Ga. 210, 212 (626 SE2d 471) (2006). "Applying these principles, if the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end." *Deal*, 294 Ga. at 173 (1) (a).

Moreover, to the extent that OCGA § 17-10-7 (b.1) can be seen as ambiguous, both the applicable rules of statutory interpretation and the rule of lenity require that we resolve that ambiguity in favor of Mathis and against the State. "'Criminal statutes are construed strictly against the State, . . . and their operation should not be limited or extended by application of subtle and forced interpretations.'" *Barber v. State*, 316 Ga. App. 701, 703, n. 5 (730 SE2d 176) (2012) quoting *Perkins v. State*, 277 Ga. 323, 325-326 (2) (588 SE2d 719) (2003) (construing OCGA § 17-10-7 (c) against the State and refusing to apply recidivist sentencing). See also *Vines v. State*, 269 Ga. 438, 438-439 (499 SE2d 630) (1998) (where a criminal statute "is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted") (citation and punctuation omitted). Additionally, as our Supreme Court has previously explained, under the rule of lenity, "where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered." *Dixon v. State*, 278 Ga. 4, 7 (1) (d)

7

(596 SE2d 147) (2004) (footnote and punctuation omitted). See also *McNair v. State*, 293 Ga. 282, 283-284 (745 SE2d 646) (2013) ("[t]he rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment").[8] Bearing these principles in mind, we turn to the statutory language at issue.

We begin with the fact that OCGA § 17-10-7 (b.1) uses the word "or" as a disjunctive. When so used, the word "or" is usually interpreted as being inclusive, thereby expanding the statute's coverage. See *Gearinger v. Lee*, 266 Ga. 167, 169 (2) (465 SE2d 440) (1996) (applying a statute addressing probation violations and holding that the statute's use of the term "or" expanded the conduct covered

---

[8] We note that the rule of lenity is usually applied in those cases where the defendant's conduct is punishable under two different criminal statutes. See *McNair*, 293 Ga. at 285 (conduct punishable under either the financial-transaction theft statute or the identity-theft statute); *Dixon v. State*, 278 Ga. at 7 (1) (d) (conduct punishable as either aggravated child molestation or statutory rape). As best we can tell from the current record, the conduct at issue in this case could only be prosecuted under OCGA § 16-13-30 (a). We find, however that the concerns underlying the rule of lenity also exist where a court is trying to determine whether the legislature intended that certain convictions be subject to recidivist sentencing. See *Dixon*, 278 Ga. at 7 (1) (d) (noting that the rule of lenity "derives from the instinctive distaste against men languishing in prison unless the lawmaker has clearly said that they should") (footnote and punctuation omitted).

8

thereunder); *United States v. Popkin*, 943 F3d 1535, 1538 (11th Cir. 1991) (interpreting the use of the broad disjunctive "or" as inclusive, expanding the conduct that could violate the statute). See generally *Reiter v. Sonotone Corp.*, 442 U. S. 330, 339 (99 SCt 2236, 60 LEd2d 931) (1979) ("[c]anons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise"). We therefore conclude that the legislature's use of the disjunctive in OCGA § 17-10-7 (b.1) reflects its desire to expand, rather than limit, the statute's coverage.

Additionally, as noted above, OCGA § 17-10-7 (b.1) provides that recidivist sentencing "shall not apply to a second or subsequent conviction for *any* violation" of subsections (a), (i) (1), or (j) of OCGA § 16-13-30. The normal meaning attributed to "any," in turn, includes "no matter which . . . whichever, of whatever kind." Compact Oxford English Dictionary, 538 (2d Ed. 1991). See also http//www.merriam-webster.com/dictionary/any (defining "any" as "one or some indiscriminately of whatever kind"); Black's Law Dictionary, 86 (5th Ed. 1979) (defining "any" as "one indiscriminately of whatever kind or quantity").[9] Given the

---

[9] When looking for the generally understood or common meaning of a particular word, courts most often look to dictionary definitions. See, e. g., *Abdel-Samed v. Dailey*, 294 Ga. 758, 763 (2) (755 SE2d 805) (2014); *Warren v. State*, 294 Ga. 589, 590-591 (1) (755 SE2d 171) (2014).

commonly understood meaning of "any," the statute's reference to "any violation" of

OCGA § § 16-13-30 (a), (i) (1), or (j) supports the conclusion that a defendant who

has been convicted previously of violating either subsection (a) *or* subsection (i) (1)

*or* subsection (j) of OCGA § 16-13-30 may not be sentenced as a recidivist for a

second or subsequent conviction for violating any of those code sections, regardless

of whether the defendant has been convicted previously of violating the exact

subsection for which he is being sentenced

In light of the foregoing, and applying the principle that OCGA § 17-10-7 (b.1)

must be construed strictly against the State, we find that Mathis's interpretation of

OCGA § 17-10-7 (b.1) is the correct one. Accordingly, recidivist sentencing is not

allowed where a defendant has previous convictions for violating subsection (i) (1)

(simple possession of a counterfeit substance) or subsection (j) (marijuana-related

offenses) and is thereafter convicted of simple possession of a controlled substance

(subsection (a)).[10] We therefore find that the trial court erred in sentencing Mathis as

a recidivist, and we reverse the trial court's order denying Mathis's motion to vacate

---

[10] We note that a defendant convicted of violating subsection (a), subsection (i) (1), or subsection (j) of OCGA § 16-13-30 could be sentenced as a recidivist if the prior felony convictions relied on by the State were for anything other than simple possession or marijuana-related offenses.

10

or modify his sentence. The case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded with direction. Andrews, P. J., and Miller, P. J., concur*.